437 So.2d 242 (1983)
Donald F. WRIGHT, David A. Currie, Deborah A. Kirkwood, David A. Johnston, James A. Driver and David T. Harden, Appellants,
v.
Dr. and Mrs. Louis J. ACIERNO, et al., Appellees.
No. 82-1392.
District Court of Appeal of Florida, Fifth District.
September 15, 1983.
*243 C. Brent McCaghren of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellants.
Clarine F. Smissman of Pino, Knox & Smith, P.A., Orlando, for appellees.
Claude L. Mullis and Harry Morrison, Jr., Tallahassee, for amicus curiae Florida League of Cities, Inc.
ORFINGER, Chief Judge.
This appeal is from an order denying appellants (defendants' below) an award of attorney's fees under Section 57.105, Florida Statutes (1981), notwithstanding the earlier entry of an order determining that the action against them was frivolous. We reverse.
The action below was filed against the City of Winter Park[1] and its Mayor, City Commissioners and City Manager in their official capacities, to enjoin certain contemplated municipal action and to recover damages. After dismissing the action, the trial court entered an order on June 18, 1982, granting the motion of the individual defendants to award them attorney's fees under Section 57.105, Florida Statutes (1981) on the ground that the action against them was frivolous. The amount of such fees was not determined at that time.
Subsequent to the entry of the order of June 18, 1982, granting the motion of the individual defendants that they be awarded attorney's fees, the judge who had entered that order and who had handled all previous matters in the case was appointed to the federal bench, and the hearing to determine the amount of fees to be awarded came on before another judge. At the subsequent hearing, after receiving evidence on the amount of a reasonable fee for representing these defendants, the successor judge entered the order presently appealed from, holding that because the City of Winter Park had provided these officials with counsel and the individual defendants had not paid such attorneys, they were not entitled to an award of attorney's fees. The Mayor, Commissioners and City Manager appeal the denial of such fees.
In Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980) this court held that an award of fees under Section 57.105 was proper when the trial court found an action to be frivolous, i.e., so clearly devoid of merit both on the law and the facts as to be completely untenable. Such finding is implicit here in the trial court's order of June 18, 1982, and the correctness of that order has not been properly challenged on appeal.
In approving this court's interpretation of the statute, the Supreme Court, in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982) further explains that the purpose of the statute is:
"... to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and the money of prevailing litigants."
Id. at 505.
The other district courts have not found it necessary that the party seeking an award under this statute first show an expenditure equal to the recovery sought. Thus, in Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981), noting that the legislature had decided to place a price tag on *244 unwarranted and frivolous litigation, the district court reversed an order which had denied an attorney's fee to a city attorney who had represented himself when sued in his official capacity. In holding that the award of fees was required once the determination had been made that the litigation was frivolous, the court said:
"Moreover, we believe that the Legislature's choice of the word `shall' in [§ 57.105] ... evidenced a purposeful intent to impose a mandatory requirement to award reasonable attorney's fees after the court made a factual determination that there was a complete absence of a justiciable issue ... raised by the losing party."
Id. at 515-516.
Similarly, in City of Boca Raton v. Faith Baptist Church of Boca Raton, Inc., 423 So.2d 1021 (Fla. 4th DCA 1982), the City of Boca Raton was represented by the City Attorney who was paid a salary. Accordingly, the City did not incur any additional expense in defending the lawsuit brought by appellees. As against the argument, accepted by the trial court, that an award of reasonable attorney's fees to the City would result in a windfall, the district court found that the policies underscoring § 57.105 outweighed such concern. That court held that the mere fact that the plaintiff was represented by its house counsel who was paid an annual salary did not militate against the allowance of a reasonable attorney's fee as provided by law.
We agree that the use of the word "shall" in the statute evidences the legislative intention to impose a mandatory penalty in the form of a reasonable attorney's fee once the determination has been made that there was a complete absence of a justiciable issue raised by the losing party. If we are to implement the legislative intent to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities, Whitten, supra, the award must be based only on the reasonable value of the services, not on whether or how much the prevailing party has actually paid, or why, in fact, no fee was paid.
Appellees contend that an allowance of fees to the city officials here would inhibit actions by citizens against their public officials when the citizens have a valid cause to pursue in court. Appellees' logic fails, however, and their fears are misplaced, because it is not the intent of the statute to punish valid causes (or even invalid causes where there is at least an arguable issue). The statute intends only to impose a penalty on those who bring completely frivolous and baseless actions and thereby abuse both their opponents and the judicial system.
It is also argued that the award of fees to the individual defendants grants these defendants a windfall because the City has provided them with counsel under the authority of Section 111.07, Florida Statutes (1981), so that only the City has incurred the costs, not these defendants. The argument fails for several reasons. First, the appellees are not the intended beneficiaries of Section 111.07, which is designed to prevent municipal officers from having to pay the expenses of litigation incurred in the performance of their official duties. Additionally, the policy considerations behind Section 57.105 outweigh such concern, although we find it highly improbable that any honorable or forthright public officer would personally seek a profit from any such award when the cost of his or her defense had been borne by the taxpayers of the agency he or she serves.
The order appealed from is reversed and the cause is remanded with directions to consider the evidence already presented, or such additional evidence as the trial court may deem appropriate, and thereafter to award to appellants a reasonable attorney's fees for the services rendered in this action on their behalf.
REVERSED and REMANDED with directions.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] The City is not involved in this appeal.