445 So.2d 404 (1984)
DEBRA, INC., Appellant,
v.
ORANGE COUNTY, Florida, Appellee.
No. 83-714.
District Court of Appeal of Florida, Fifth District.
February 16, 1984.
Miranda Franks of Maguire, Voorhis & Wells, P.A., Orlando, for appellant.
Thomas J. Wilkes, Jr., and Stephen E. Cook of Gray, Harris & Robinson, P.A., Orlando, for appellee.
ORFINGER, Chief Judge.
The issue on appeal is whether appellant, defendant below, is entitled to an award of *405 attorney's fees under Section 57.105, Florida Statutes (1981).
In a final order from which no appeal was taken, the trial court dismissed the action with prejudice, finding that "[t]here is a complete absence of a justiciable issue of either law or fact between the parties to this action at this time." Several months later, the court denied defendant's motion for attorney's fees which had been filed on the day the final order was entered. We find that this denial was erroneous and reverse.
Once the determination has been made by the trial court that there is a complete absence of a justiciable issue of law or fact, the award of attorney's fees to the prevailing party who properly moves for such fees is required. As we pointed out in Wright v. Acierno, 437 So.2d 242 (Fla. 5th DCA 1983), an opinion not available to the trial court when the order appealed from was entered,
... We agree that the use of the word "shall" in the statute evidences the legislative intention to impose a mandatory penalty in the form of a reasonable attorney's fee once the determination has been made that there was a complete absence of a justiciable issue raised by the losing party... .
Id. at 244.
The order appealed from is reversed and the cause is remanded to the trial court for the determination and award of a reasonable attorney's fee for the services of appellant's attorney. Appellant's motion for the allowance of an attorney's fee on appeal is also granted, the amount thereof to be determined by the trial court on remand. See TIE Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla.3d DCA 1980).
REVERSED and REMANDED.
COWART, J., and DAVIS, S.J., Associate Judge, concur.