481 So.2d 511 (1985)
INSURANCE COMPANY OF NORTH AMERICA, Appellant,
v.
JULIEN P. BENJAMIN EQUIPMENT CO., Appellee.
No. BG-292.
District Court of Appeal of Florida, First District.
December 30, 1985.
*512 Stephen P. Rakusin, P.A., Gainesville, for appellant.
Arnold H. Slott of Block & Slott, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
This is an appeal from an order granting a summary judgment for the plaintiff below, Julien P. Benjamin Equipment Co., in its action to recover sums due on invoices and statements of account rendered to Hancock Marine, Inc. Hancock was the principal on a labor and materials payment bond issued by the appellant, Insurance Company of North America (INA), in reference to a construction contract for a project located in North Miami Beach. We affirm.
The plaintiff's amended complaint alleged that in furtherance and performance of the construction contract, purchases of materials, equipment, and supplies were made by Hancock Marine from the plaintiff for use on the project and equipment was rented from plaintiff for use on the project, as indicated on the invoices attached to the complaint. The complaint continued that plaintiff is owed a certain sum for such materials, supplies, and equipment as shown on the invoices, and that the defendant never objected to the invoices or any of the charges made thereon. INA was joined as the surety on the labor and material payment bond and filed an answer containing a general denial but no affirmative defenses. Thereafter, plaintiff filed a motion for summary judgment supported by an affidavit of its executive vice president based upon personal knowledge. The affidavit recites affiant's knowledge and familiarity with plaintiff's financial books and records of account concerning the materials, equipment, and supplies sold and furnished by plaintiff to Hancock Marine. The affiant then states that, in furtherance and performance of the construction project, materials, equipment, and supplies were purchased and equipment was rented from plaintiff and used in and on the project and that the terms and sums due for these purchases and rentals are reflected on the true copies of the invoices attached to the affidavit which was sent to the defendants and to which no objection was made. The affidavit concludes that demand for payment was made against both the principal, Hancock Marine, and the *513 surety, INA, but that both failed to make payment and the sums remain due and owing.
The record reflects that no countervailing affidavits were filed by INA or Hancock and that defendants did not otherwise controvert the assertions of fact in this affidavit. The trial court concluded that the statements in the affidavit were sufficient to establish plaintiff's claim, and entered summary judgment against INA for this amount.
The first point raised by appellant is that a genuine issue of material fact existed as to the dollar amount of the rental value of appellee's claim that precluded the entry of summary judgment in the amount shown by the invoices. We conclude, however, that the affidavit filed in support of plaintiff's motion for summary judgment and the attached invoices were sufficient to establish plaintiff's cause of action to recover for materials and supplies sold and for the rental on equipment supplied to INA's principal for use on the project. The record did not contain any other affidavits, depositions, or competent evidence to dispute the truthfulness of plaintiff's affidavit. Accordingly, in the absence of any countervailing evidence to raise such a dispute, the trial court was correct in ruling that no disputed issues of material fact were shown to exist and that judgment should be entered for plaintiff as a matter of law. It is well established that:
[T]o defeat a motion which is supported by evidence which reveals no genuine issue, it is not sufficient for the opposing party merely to assert that an issue does exist. If the moving party presents evidence to support the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence that will change the result  that is, evidence sufficient to generate an issue on a material fact.
Harvey Building, Inc. v. Haley, 175 So.2d 780, 782 (Fla. 1965). See also Landers v. Milton, 370 So.2d 368 (Fla. 1979).
It is true that the bond in this case contained language limiting its coverage to "all labor and materials used or reasonably required for use in the performance of the contract." INA argues that this language of the bond is the equivalent of the language in section 713.01(6), Florida Statutes (1983), which defines "furnished materials," for purposes of enforcing a mechanic's lien under chapter 713, as including "tools, appliances, or machinery used on the particular improvement to the extent of the reasonable rental value for the period of actual use (not determinable by the contract for rental unless the owner is a party thereto), but does not include supplying handtools."
Using this analogy, INA contends that it was incumbent upon plaintiff to establish not only that certain equipment was rented for use on the project and the amount billed therefor, but also to establish the amount of actual use and the reasonable rental value of such actual use. But this argument improperly confuses the legal concepts underlying recovery in contract and recovery under a perfected lien. We construe the language of the bond to mean literally what it says, i.e., that the bond covers equipment and supplies shown to have been used or furnished for use on the project in question, and nothing more. We distinguish from this the language found in the statute, which, in our view, is substantially more restrictive and clearly requires actual proof of the time of use of rental equipment and the reasonable value thereof unless the owner of the project is shown to have been a party to the rental contract covering such equipment. No doubt this exception regarding the owner is included in the mechanic's lien statute because the lien statute operates to impose a charge against the owner's property for the reasonable value of materials and equipment used for its improvement whether or not the owner contracted for such equipment. When the owner does so contract, the contract price, not the reasonable value is the measure of the supplier's recovery. In the instant case, a direct contractual relationship existed between plaintiff *514 and Hancock Marine, the principal under the bond. Pursuant to this direct contractual relationship, the parties agreed to the rental of the equipment, the terms of that rental, and that Hancock Marine was contractually obligated to pay that amount to the plaintiff. Hence, the reasonable value of rental standard argued by INA is inappropriate.
The second point raised by INA questions whether the trial court erred in refusing to consider a controverting affidavit filed by Hancock Marine to dispute the motion for summary judgment. We find no error in the trial court's refusal to consider this affidavit for two reasons. First, the motion for summary judgment was filed at least thirty days before hearing thereon. At the request of INA, made at the first scheduled hearing on the motion, the trial court, acting well within its discretion, granted a continuance of the hearing to another date certain on condition that INA would not be permitted to file affidavits or other documents and thereby generate new issues not already made. Hancock Marine did not tender the disputed affidavit for filing until well after this continuance was granted. Second, notwithstanding the terms of the continuance order, the affidavit was not filed the day before the second hearing on the motion for summary judgment, as required by the applicable rule of civil procedure, but was filed on the day of the hearing. Under Florida Rule of Civil Procedure 1.510(c), an affidavit opposing summary judgment is not timely unless filed "prior to the day of the hearing."
The third issue raised by INA urges that the trial court erred in awarding attorney's fees to plaintiff solely on the basis of affidavits by expert witnesses, without affording INA due process of law in an evidentiary proceeding. Two affidavits relating to attorney's fees were filed with the motion for summary judgment. These two affidavits, made by lawyers in Jacksonville, recited that each affiant had reviewed the files relating to work done by plaintiff's lawyer in obtaining summary judgment against INA and that the reasonable value of the services performed in that connection were $6,000 and $6,500, respectively. The trial judge, exercising his discretion to review the reasonableness of claimed attorney's fees, reduced the fee award to $3,500. No objection was made by INA to the use of affidavits to establish the amount of attorney's fee in this case. There was never any objection voiced to the trial court concerning the absence of an affidavit by the attorney for Julien P. Benjamin Equipment Company setting forth in detail the services that had been performed, although such an affidavit certainly would have been preferable. We construe INA's silence and lack of objection as acquiescence in handling the attorney's fee issue by affidavit and conclude that the trial court's award of attorney's fees based thereon was not an abuse of discretion.
For its final issue, INA contends that the venue selection clause in the surety bond requires that the cause be transferred to the circuit court in Dade County, where the project was located. The bond contains a condition which reads:
No suit or action shall be commenced hereunder by any claimant other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project or any part thereof is situated or in the United States District Court for the district in which the project or any part thereof is situated, and not elsewhere.
After the complaint was filed in the Duval County circuit court, INA did not raise any objection to venue in Duval County by motion or in its answer. Any objection to venue in Duval County was waived by INA's failure to raise it in a timely fashion. Rule 1.140, Fla.R.Civ.P.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.