528 So.2d 1307 (1988)
Arland Wayne LAFFERTY and Peggy Jo Lafferty, Appellants,
v.
Ralph B. TENNANT, Appellee.
Nos. 86-3082, 87-3283 and 87-3285.
District Court of Appeal of Florida, Second District.
August 3, 1988.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, Tampa, for appellants.
Robert V. Williams, Robert W. Boss and William J. Schifino, Jr., of Taub & Williams, Tampa, for appellee.
DANAHY, Acting Chief Judge.
In a suit brought by the appellee (Dr. Tennant) against the appellants (Dr. Lafferty and Mrs. Lafferty), Dr. and Mrs. Lafferty appeal a final judgment for Dr. Tennant, a postjudgment order denying Mrs. Lafferty's motion for relief from the damages portion of the judgment, and a post-judgment order awarding attorney's fees against Dr. Lafferty. The appeals were consolidated by this court. We agree with Mrs. Lafferty that the trial judge erred in awarding damages against her in the final judgment, and we reverse the final judgment to that extent. We affirm the final judgment in all other respects. We agree with Dr. Lafferty that the trial judge erred in awarding attorney's fees against him, and we reverse that order.
This action was tried before a jury which returned an interrogatory form of verdict. All of the interrogatories referred only to Dr. Lafferty; as far as the verdict shows, *1308 the jury was not asked any question concerning alleged tortious conduct on the part of Mrs. Lafferty and made no finding in that regard. A judgment must conform to the verdict. Baker & Holmes Co. v. Indian River State Bank, 61 Fla. 106, 55 So. 836 (1911). Accordingly, Mrs. Lafferty is entitled to relief from the damages portion of the final judgment.
We find the order awarding attorney's fees to be in error because Dr. Tennant incurred no liability for attorney's fees. It is undisputed that the title insurance company involved in the real estate transaction giving rise to this action has funded the litigation on behalf of Dr. Tennant. When the trial judge was informed of this, he entered an amended order directing that any attorney's fees recovered by Dr. Tennant from Dr. Lafferty should be paid over to the title insurance company. Since the title insurance company is not a party to this action, it has established no basis for recognizing any liability on the part of Dr. Lafferty to the title insurance company. The trial judge, therefore, was in error in directing that Dr. Tennant's recovery of attorney's fees should be paid by him to the title insurance company.
For the reasons stated above, we reverse the final judgment insofar as it awards damages in favor of Dr. Tennant against Mrs. Lafferty. We find no merit to the other challenges made by Dr. and Mrs. Lafferty to the final judgment and affirm the final judgment in all other respects. We reverse the amended order awarding attorney's fees.
Reversed in part and affirmed in part.
SCHOONOVER and PARKER, JJ., concur.