PER CURIAM.
This is an appeal from an award of attorney’s fees, pursuant to our order in an earlier case. 480 So.2d 1297 (Order of December 12, 1985 in Case No. BG-326.) In that case, remand for the purpose of permitting the trial court to determine a reasonable fee was directed, because appellant’s appeal had raised no justiciable issue of law or fact. On remand, the trial court awarded a fee of $6,000. Appellant now appeals the fee award, raising three issues. Because we determine all three to be without merit, we affirm.
*1301 First, appellant complains that the trial judge was biased against him and in favor of the appellee, and failed to disqualify himself from the cause. The record discloses that appellant failed to timely move for disqualification below; thus, the issue has not been preserved for appeal.[1]
Additionally, appellant argues that the trial court’s award of $6,000, based upon 60 hours spent on the case at a value of $100 per hour, was unfounded for two reasons: first, appellant argues that the record does not support the lower court’s finding that appellee’s counsel expended 60 hours’ time on the case; second, appellant disputes that $100 an hour was justified. Regarding appellant’s first objection to the fee awarded, the record before us includes the sworn testimony of appellee reflecting that his representation of a 60-hour investment of time in the earlier appeal was adduced from his own records. The complex nature of the work on a case such as this, with coexistent appeals and actions at all levels of courts, provides ample explanation for the lack of specificity in the record of time spent on the various parts of the case, and the trial court was justified in accepting appellee’s explanation to that effect. This court, moreover, has awarded attorney’s fees based solely upon affidavits in circumstances revealing that opposing counsel did not object. Insurance Co. of N. Am. v. Julien P. Benjamin Equip. Co., 481 So.2d 511 (Fla. 1st DCA 1985). In the case at bar, appellant similarly made no timely objection to appellee’s testimony at the fee hearing. Sworn testimony at a hearing, subject as it is to cross-examination, is at least as reliable as an affidavit. Therefore, because there is competent, substantial evidence to support the finding of 60 hours, the finding is affirmed.
Finally appellant, relying upon Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), argues that the trial court erred in calculating a fee at $100 an hour, because the appel-lee/attorney had charged his client only $65-$85 an hour over the course of his business relationship with the client. Appellant, seeking to benefit from the contractual relationship between the appellee and his client, asks this court to limit the fee to some lesser unidentified figure. Specifically, appellant argues that the following language from Rowe requires that the fee awarded be reduced: “[I]n no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client.” Id. at 1151 (emphasis added). Despite the above dictum[2] in Rowe, we do not consider this language to be applicable to the fee awarded herein pursuant to Section 57.105, Florida Statutes (1985), which requires the court to “award a reasonable attorney’s fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.” When a fee is awarded under this statutory theory, the nonpre-vailing party (appellant) can hardly claim to be a third-party beneficiary to any contract initially agreed upon between the attorney (appellee) and his prevailing-party client. Fee awards based upon the frivolous suit statute are, for obvious policy reasons, different from awards based upon contractual fee arrangements.
This difference was recognized in Wright v. Acierno, 437 So.2d 242 (Fla. 5th DCA *1302 1983), wherein the court stated that a complete award of attorney’s fees in a frivolous action against a nonprevailing party was required by the statute, even though the defendants had been represented by a salaried attorney provided by the city. In justifying the award, which the plaintiffs asserted would produce a windfall to the defendants, the court observed:
If we are to implement the legislative intent to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney’s fees awards on losing parties who engage in these activities, ... the award must be based only on the reasonable value of the services, not on whether or how much the prevailing party has actually paid, or why, in fact, no fee was paid.
(Emphasis added; citations omitted.) Id. at 244.
Furthermore, even in contexts other than the application of section 57.105, Rowe has not been applied in the manner argued by appellant. For example in Ronlee, Inc. v. Arvida Corp., 515 So.2d 372 (Fla. 4th DCA 1987), an action for breach of contract, the court recognized that there are legitimate reasons for allowing fees against an adversary which are greater than the prevailing party’s obligation to pay his lawyer. Id. at 373. One legitimate reason occurs if the lawyer, as in this case, gives a discounted rate to a continuing business client. Id. at 374.
The evidence at the hearing below discloses that the agreement established a discounted rate based on the continuing business relationship between the parties. In our judgment, an appellant, who is sanctioned for pursuing a frivolous appeal, should not be allowed to benefit from this contractual arrangement, and in fact, the trial court’s order evidences agreement with that principle. Likewise, in Alston v. Sundeck Prods., Inc., 498 So.2d 493, 495 (Fla. 4th DCA 1986), a civil contempt action, the court recognized that although a fixed-fee agreement is an important factor to be considered in setting a fee award, “under Rowe the trial court is not absolutely bound to simply apply the agreement to determine the fee to be awarded.”
Thus, because there is competent, substantial evidence in the record to support the trial court’s award (unrebutted testimony of attorney Cooper that a fee of $100 per hour is reasonable), the fee is
AFFIRMED.
ERVIN, WENTWORTH and ZEHMER, JJ., concur.

. Additionally, we note that appellant has requested that the members of this court, save one, who have decided any of his earlier numerous appeals recuse themselves from participating in this case. Because appellant presents no legal basis for such a request, we decline to grant it.

. Rowe approved the following fee-award formula: the number of hours reasonably expended on the litigation, multiplied by the reasonable hourly rate for the services of the prevailing party's attorney, enhanced, in appropriate cases, by a “contingency risk multiplier” in the range from 1.5 to 3, based upon the likelihood of success at the outset of the litigation. The dictum above quoted appears in the context of the application of the "contingency risk multiplier.” In the case at bar, no such multiplier was applied.