547 So.2d 1245 (1989)
Steven G. TURNER and Teresa Turner, His Wife, Appellants,
v.
D.N.E., INC., a Florida Corporation, Appellee.
No. 88-1643.
District Court of Appeal of Florida, Fourth District.
August 2, 1989.
Rehearing Denied September 19, 1989.
Richard A. Kupfer and Carol Wadowicz of Wagner, Nugent, Johnson, Roth, Romano, Eriksen, & Kupfer, West Palm Beach, for appellants.
Michele I. Nelson of Paxton, Crow, Bragg & Smith, P.A., West Palm Beach, for appellee.
PER CURIAM.
After an injured plaintiff took a voluntary dismissal without prejudice, the trial court awarded costs against him in favor of the defendant. We reverse.
It is true that under Florida Rules of Civil Procedure 1.420(d), costs can be assessed against a party who voluntarily dismisses an action. Stuart Plaza, Ltd. v. Atlantic Coast Development Corporation of Martin County, 493 So.2d 1136 (Fla. 4th DCA 1986). The defendant is, in essence, the prevailing party in the litigation and entitled to costs. However, costs are only recoverable by a prevailing party who has either paid the costs or incurred liability to do so. City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979).
*1246 In this case, the plaintiff argues that because the defendant stipulated that it did not have to pay the expenses and was not obligated under its insurance policy to reimburse its insurer, the award was in error. We agree. See also Lafferty v. Tennant, 528 So.2d 1307 (Fla. 2d DCA 1988).
REVERSED AND REMANDED.
LETTS, WALDEN and GUNTHER, JJ., concur.