WENTWORTH, Judge.
Appellants seek review of an order awarding attorney’s fees to appellees for their successful defense of appellants’ medical malpractice action. We find that the fees were properly awarded under section 768.56, Florida Statutes (1983), and we affirm the order appealed.
Appellants filed a medical malpractice action against appellees and several individual physicians. A summary judgment was entered for two of the doctors, but was overturned by this court in DeRosa v. Shands Teaching Hospital & Clinic, Inc., 468 So.2d 415 (Fla. 1st DCA 1985), in order to permit additional discovery. After further discovery a summary judgment was again entered for two of the doctors, and was affirmed by this court in DeRosa v. Shands Teaching Hospital & Clinics, Inc., 504 So.2d 1313 (Fla. 1st DCA 1987). A subsequent summary judgment for another doctor was affirmed without opinion in DeRosa v. Shands Teaching Hospital & Clinics, Inc., 538 So.2d 1256 (Fla. 1st DCA 1989). The claim against appellees proceeded to trial, and after the parties presented evidence the jury returned a verdict finding no actionable negligence on the part of appellees or their agents, the individual doctors. The judgment entered for appellees in accordance with this verdict was affirmed without opinion in DeRosa v. Shands Teaching Hospital & Clinics, Inc., 538 So.2d 1256 (Fla. 1st DCA 1989).
After judgment was entered for appel-lees they moved for an award of costs and attorney’s fees pursuant to section 768.56, Florida Statutes (1983). The lower court granted this motion, awarding costs and attorney’s fees.
The parties are in agreement that section 768.56, Florida Statutes (1983) is the applicable attorney’s fee provision. The statute states that:
1) Except as otherwise provided by law, the court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages for reason of injury, death, or monetary loss on account of alleged malpractice by any. medical or osteopathic physician, podiatrist, hospital, or health maintenance organization....
As an enactment providing for attorney’s fees the statute must be strictly construed, and authorizes a fee only upon a malpractice claim involving the specified health providers. See Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla.1986); Tappan v. Florida Medical Center, Inc., 488 So.2d 630 (Fla. 4th DCA 1986). Appellee Shands, as a hospital, is within the express statutory language, and appellants do not challenge the attorney’s fee award on behalf of Shands. Appellants contend that a fee may not be awarded on behalf of appellee Board of Regents, which is not an entity specified within section 768.56(1), Florida Statutes (1983).
Appellee Board of Regents was nevertheless a “prevailing party” as identified in the statute. The individual doctors, on account of whose alleged malpractice appellants sought to hold appellee Board of Regents liable, were all medical physicians as specified in the statute. Section 768.56, Florida Statutes (1983), does not require that the prevailing party be one of the specified health care providers. Since ap-pellee Board of Regents was a prevailing party upon a claim involving alleged malpractice of medical physicians, attorney’s *1041 fees were properly awarded pursuant to section 768.56(1), Florida Statutes (1983).
Appellants further assert that any fee awarded under section 768.56(1), Florida Statutes (1983), must be restricted by the provisions of section 768.28(8), Florida Statutes. This enactment is contained within the statute waiving sovereign immunity in tort actions against the state, and provides that attorney’s fees may not exceed 25% of any judgment or settlement. This limitation has been applied to fees awarded in a successful claim against Shands and the Board of Regents. See Shands Teaching Hospital & Clinics, Inc. v. Lee, 478 So.2d 77 (Fla. 1st DCA 1985). Appellants contend that since their unsuccessful claim in the present case resulted in a judgment producing no recovery, the 25% limitation under section 768.28(8) likewise produces no attorney’s fee. However, we conclude that section 768.28(8), as an aspect of the state’s sovereign immunity waiver, does not preclude an attorney’s fee for appellee’s successful defense of this medical malpractice action. No issue is presented in this case as to the constitutional impact of the statute as applied to these parties, and appellees were properly awarded attorney’s fees pursuant to section 768.56(1), Florida Statutes (1983).
The order appealed is affirmed.
BOOTH, J., concur, and ERVIN, J., dissenting with opinion.