DANIEL, Chief Judge.
Devex, Inc. and P & P General Partnership (Devex) appeal a final summary judgment of foreclosure in favor of Liberty Federal Savings and Loan Association. We find no error in the entry of summary judgment. However, we reverse the award of attorney’s fees and remand for a determination of fees in accordance with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
The record reflects that both parties submitted affidavits on the matter of attorney’s fees.[1] Counsel for Liberty submitted an affidavit stating that his firm had spent 105 hours, having a fee value of $13,500, in protecting Liberty’s mortgage rights and foreclosing the lien. Counsel also submitted an affidavit from an attorney who stated that $15,400 would be a reasonable fee for the work performed in this case. *607 Opposing counsel filed an affidavit from another attorney indicating that a reasonable fee in the case would be $2,000 to $4,000. Without holding a hearing, the trial court struck the affidavit of Liberty’s counsel because it appeared that the time expended may have included the time involved in another lawsuit between the parties. On the same day, the trial court entered final summary judgment of foreclosure and awarded attorney’s fees in the amount of $11,900 to Liberty. The final judgment does not contain any findings regarding the amount of attorney’s fees.
On appeal, Devex argues that it was error to award attorney’s fees because there was no evidence in the record concerning the amount of work performed by Liberty’s counsel once his affidavit was struck by the trial court. In Florida Patient’s Compensation Fund v. Rowe, the Florida Supreme Court held that, in computing an award of attorney’s fees, the trial court should: 1) determine the number of hours reasonably expended on the litigation; 2) determine the reasonable hourly rate for this type of litigation; 3) multiply the result of 1 and 2; and when appropriate, 4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. In determining the hourly rate, the number of hours reasonably expended and the appropriateness of the reduction or enhancement factors, the trial court must set forth specific findings. 472 So.2d at 1151. Where there is sufficient evidence in the record to support the award but the trial court fails to set forth specific findings, the awards have been reversed and the cause remanded for a new hearing on fees. See, e.g., Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988). While the trial court in the present case did strike the affidavit of counsel, it is obvious that the court was still relying on the affidavit to the extent that it reflected the hours expended in the mortgage foreclosure action since the court did in fact award attorney’s fees. In essence, the court struck the affidavit only to the extent it contained hours relating to the other lawsuit between the parties. Accordingly, we reverse the award of attorney’s fees and on remand, the trial court should determine the hours reasonably expended in this litigation and apply the formula in Rowe.
AFFIRMED in part; REVERSED in part; and REMANDED.
SHARP, J., and PETERSON, E.W., Jr., Associate Judge, concur.

. We conclude that the objection, if any, to awarding attorney’s fees based solely on affidavits has been waived by Devex. See Insurance Company of North America v. Julien P. Benjamin Equipment Company, 481 So.2d 511 (Fla. 1st DCA 1985).