552 So.2d 298 (1989)
Karen Jeanne Smolic ASPEN, F/K/a Karen Jeanne Smolic, Appellant,
v.
Brooke T. BAYLESS, Appellee.
No. 89-00647.
District Court of Appeal of Florida, Second District.
November 15, 1989.
*299 H. Shelton Phillips of Kaleel and Kaleel, St. Petersburg, for appellant.
T. Philip Hanson, Jr. of Greenfelder, Mander, Hanson and Murphy, Dade City, for appellee.
RYDER, Judge.
Appellant, who was the defendant below, seeks review of the trial court's denial of her motion to tax costs. We affirm, but we certify the question raised in this case as being of great public importance.
Appellee filed an amended complaint on September 24, 1987 seeking damages for injuries allegedly resulting from appellant's negligence with regard to an automobile accident in which the two parties were involved. Appellant answered and filed an offer to take judgment on January 18, 1988 in the amount of $9,001.00 plus taxable costs. Appellee did not accept the offer, and instead filed a demand for judgment in the amount of $25,000.00. The case was tried before a jury from November 14 through November 17, 1988. The jury returned a verdict in favor of appellee in the amount of $7,350.00 and found appellee to be 25% comparatively negligent, resulting in a net verdict for appellee in the amount of $5,412.50. On January 19, 1989, the trial court entered final judgment in accordance with the jury verdict in the amount of $5,412.50. On December 8, 1988, appellant filed her motion to tax costs and attorney's fees, attaching thereto her offer to take judgment. The court denied the motion, stating in its order that, "while the costs may have been incurred in the name of Defendant, Defendant did not ultimately pay for same and any costs paid for which were incurred in her name, were reimbursed to her counsel or paid for by her insurance carrier, State Farm Mutual Automobile Insurance Company," citing City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979) and Lafferty v. Tennant, 528 So.2d 1307 (Fla. 2d DCA 1988). This appeal followed.
Florida Rule of Civil Procedure 1.442 provides that "[a]t any time more than ten days before trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him... ." The rule goes on to state that "[i]f the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer." The provision for an award of costs in rule 1.442 is mandatory and "is designed to induce or influence a party to settle litigation and obviate the necessity of a trial." Santiesteban v. McGrath, 320 So.2d 476, 478 (Fla. 3d DCA 1975).
In this case, it is undisputed that costs in the amount of $3,195.85 were incurred in appellant's name and ultimately paid for by appellant's insurance carrier without any obligation on appellant's part to reimburse the carrier. In addition, the parties agree that if appellant had incurred the costs and paid for them herself, or had incurred liability to do so, rule 1.442 would require that appellant be reimbursed for those costs, since the amount recovered by appellee was less than the amount previously offered by appellant and rejected by appellee, and the other requirements of the rule have been met. Further, it is undisputed that, in addition to rule 1.442, there are two statutes which, if applicable, would require reimbursement of costs to appellant due to the fact that the amount of the final judgment obtained by appellee was more than 25% less than the amount specified in appellant's rejected offer of judgment. See §§ 45.061 and 768.79, Fla. Stat. (1987).
The controversy in this case, then, concerns the fact that appellant did not pay costs or incur liability to do so. In City of Boca Raton, the court reversed an award of costs to the extent the costs were paid by nonparties, stating that "[s]ince costs are in the nature of indemnification, no award thereof should be made unless the party seeking the award has either paid the items or incurred liability to do so." Id. at 486. The court noted that costs are generally *300 not recoverable by a person not a party to the suit. Id. In Lafferty, this court reversed an award of attorney's fees to the plaintiff because the litigation had been funded by a title insurance company on behalf of the plaintiff, who did not incur any liability for fees. When the trial court, in Lafferty, was informed of the situation regarding the source of funding, he entered an amended order directing that any attorney's fees recovered by the plaintiff from the defendant be paid over to the title insurance company. We held, however, that "[s]ince the title insurance company is not a party to this action, it has established no basis for recognizing any liability on the part of [the defendant] to the title insurance company." Id. at 1308. In addition, in Turner v. D.N.E., Inc., 547 So.2d 1245 (Fla. 4th DCA 1989), the court held that it was error to award costs to the defendant after the plaintiff's voluntary dismissal, where the defendant had neither paid the costs nor incurred liability to do so, citing City of Boca Raton and Lafferty. In Turner, the defendant stipulated that it did not have to pay its expenses and was not obligated under its insurance policy to reimburse its insurer for costs expended by the insurance carrier on behalf of the defendant/insured.
We find ourselves constrained, albeit with certain reservations, to follow the above cited cases and hold that, since appellant did not pay her costs or incur liability to do so, the trial court properly denied her motion to tax costs. We find no evidence in the text of rule 1.442, or sections 45.061 and 768.79, of an intent on the part of the supreme court or the legislature to depart from the common law principles that costs are in the nature of indemnification, or reimbursement, and that they generally are not awardable to nonparties. Although rule 1.442 does not specify by whom the awardable costs must be incurred, the rule is couched in terms of the "party" making the offer and the "adverse party," indicating, perhaps, that the costs must be incurred by a party. The inference that costs must be incurred by a party is even stronger in sections 45.061 and 768.79. Section 45.061(3)(a) refers to "[t]he amount of the parties' costs and expenses," and section 768.79(2)(b)6 speaks of "[t]he amount of the additional delay cost and expense that the offeror reasonably would be expected to incur... ." (Emphasis added.) Thus, although the applicable rule and statutes do not directly address the issue sub judice, they appear to assume that the costs have been incurred by a party.
Further, an award of costs to appellant's insurance carrier is not feasible, since we do not have jurisdiction over the insurer, who is not a party due to the nonjoinder of insurers statute, section 627.7262, Florida Statutes (1987). Without jurisdiction over the nonparty insurer, we have no basis for recognizing appellee's liability to the insurer. See Lafferty. In addition, without jurisdiction over the insurer, we lack the power to ensure that an award of costs to appellant would insure to the benefit of the insurer. The distribution of liability for costs remains, under these circumstances, a private contractual matter between the insurer and the insured.
Yet, we find it troubling that our holding effectively bars the insurance carrier from recovering costs it has expended in fulfilling its defense obligation to its insured merely because it is not a party due to the nonjoinder of insurers statute. It seems to us that the nonjoinder provision was intended to prevent the prejudicial effect of the "deep pocket" syndrome, whereby juries may be tempted to award damages merely because of the presence of the insurer, and it was not intended to have the effect of preventing insurers from recovering their costs.
We also fear that our holding may have the effect of thwarting the purpose of rule 1.442 to encourage the settlement of lawsuits. In lawsuits funded by a nonparty on behalf of a named party, the adverse party will not face the prospect of paying costs as a penalty for rejecting a good offer of settlement. This is an acute problem, due to the combined effect of the nonjoinder of insurers statute and the prevalence of defense obligation provisions in insurance policies.
Nevertheless, we are persuaded that the principles enumerated in our own Lafferty *301 opinion, as well as the other cases cited herein, are applicable in this case. We recognize that none of those cases dealt with cost awards in the context of offers of judgment. However, we are of the opinion that a deviation from the common law regarding the awardability, vel non, of costs, in the context of offers of judgment, should, if warranted, be initiated by the legislature or the supreme court. We note that the supreme court has recently amended rule 1.442. The new rule, to be effective January 1, 1990, will supercede sections 45.061 and 768.79 to the extent that the procedural aspects of the new rule are inconsistent with the statutes. See The Florida Bar Re: Amendment to Rules of Civil Procedure, Rule 1.442, 550 So.2d 442 (Fla. 1989). While the new rule commendably resolves the confusion regarding the conflicting provisions of the rule and statutes, it does not address or resolve the issue sub judice. Therefore, in light of our reservations regarding our holding, we certify to the supreme court the following question as being one of great public importance:
CAN A NONPARTY RECOVER COSTS IT HAS INCURRED ON BEHALF OF A NAMED PARTY UNDER THE RULE AND STATUTES REGARDING OFFERS OF JUDGMENT, OR ARE COSTS RECOVERABLE UNDER THOSE PROVISIONS ONLY BY PARTIES WHO HAVE PAID COSTS OR INCURRED LIABILITY TO DO SO?
We note that the issue of whether the insurer could have intervened in the lawsuit, or otherwise asserted an entitlement to recover costs, is not before us, since no motion to intervene, or for costs, was filed by the insurer in this case. However, we do not feel that the insurer's intervention in the lawsuit would alter the resolution of the issue sub judice.
Affirmed.
SCHEB, A.C.J., and ALTENBERND, J., concur.