554 So.2d 1185 (1989)
Gordon T. COUCH, M.D., Appellant,
v.
Jack DREW and Faith Drew, Appellees.
No. 88-3127.
District Court of Appeal of Florida, First District.
December 7, 1989.
Rehearing Denied January 31, 1990.
*1186 James C. Truett and Richard B. Collins of Collins, Dennis & Williams, P.A., Tallahassee, for appellant.
Charles J. Kahn and Robert J. Mayes of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellees.
JOANOS, Judge.
Gordon T. Couch, M.D., has appealed from an order denying his motions for attorney's fees pursuant to Section 768.56, Florida Statutes (1983), and statutory costs pursuant to Section 57.041, Florida Statutes (1983). We reverse.
Prior to the 1985 repeal of Section 768.56, Florida Statutes (1983), the appellees filed a medical malpractice action against Dr. Couch. Final judgment was entered for Couch in December 1986, at which time the trial court reserved jurisdiction to hear the matter of taxation of costs and attorney's fees.
The final judgment was affirmed by this court in Drew v. Couch, 519 So.2d 1023 (Fla. 1st DCA 1988). Couch's unopposed motion for appellate attorney's fees citing Section 768.56 was "provisionally granted," and the court "remanded to the trial court to assess the amount in accordance with the rationale of Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977)." The Drews thereupon sought the discretionary jurisdiction of the Florida Supreme Court, 529 So.2d 693, which denied review. The Supreme Court granted Couch's motion for attorney's fees and allowed $500 therefor; the propriety of this fee was not at issue in the trial court, and is not affected by this opinion.
Following the Supreme Court's denial of review, Dr. Couch filed with the trial court his "motion to determine liability for statutory attorney's fees" pursuant to Section 768.56, and a motion for costs pursuant to Section 57.041, Florida Statutes (1983). Prior to the hearing on these motions, the parties stipulated that Couch's fees and costs had been paid by his medical malpractice insurance carrier pursuant to the terms of his coverage. It was the Drews' contention at the hearing that the payment of the fees and costs by Couch's insurance carrier obviated his statutory entitlement thereto.
In support of their argument with regard to attorney's fees, the Drews cited Lafferty v. Tennant, 528 So.2d 1307 (Fla. 2d DCA 1988). Lafferty involved a dispute over real estate filed by Tennant against the Laffertys, in which Tennant prevailed. In the decretal portion of the opinion, the court reversed an award of attorney's fees to Tennant (the basis therefor, whether contractual or statutory, is not stated) "because Dr. Tennant incurred no liability for attorney's fees [in that] ... the title insurance company involved in the real estate transaction giving rise to this action has funded the litigation on [his] behalf." Lafferty at 1308.
In arguing that Dr. Couch was not entitled to statutory costs, the Drews relied on City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979). In that case, the costs of the prevailing party had been paid by non-party corporations without expectation of repayment. The court reversed a cost judgment in favor of the prevailing party, stating that "[s]ince costs *1187 are in the nature of an indemnification, no award thereof should be made unless the party seeking the award has either paid the items or incurred liability to do so." Boca Raton at 486.
Relying on Lafferty and Boca Raton, the trial court herein denied Couch's motions for attorney's fees and costs in that he "did not incur liability [for] nor pay attorney's fees nor [sic] costs." The trial court also found that Couch had no entitlement to an appellate attorney's fee, despite this court's order provisionally granting such a fee, based on the denial of a fee at the trial level.
The trial court's reliance on Lafferty to deny Couch's motion for fees pursuant to Section 768.56 was misplaced. Section 768.56(1) provides that "the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical ... physician." Although this statute was repealed effective October 1, 1985, statutory fee rights for those actions filed on or before that date were not abolished. Heath v. Piroman, 544 So.2d 1059, 1060 (Fla. 1st DCA 1989).
The use of the word "shall" in Section 57.105, Florida Statutes, has been found to "evidence the legislative intention to impose a mandatory penalty in the form of a reasonable attorney's fee," in order to "discourage baseless claims, stonewall defenses and sham appeals ... by placing a price tag through attorney's fees awards on losing parties who engage in these activities." Wright v. Acierno, 437 So.2d 242, 244 (Fla. 5th DCA 1983) (emphasis supplied). The court held further that, if that intent was to be implemented, the fee award "must be based only on the reasonable value of the services, not on whether or how much the prevailing party has actually paid." Wright at 244 (emphasis supplied).
Section 768.56, Florida Statutes, was enacted in response to Aldana v. Holub, 381 So.2d 231 (Fla. 1980), in which the Florida Supreme Court declared the medical mediation act unconstitutional. The Legislature noted that the act had been a seemingly successful response to the threat to availability of health care presented by rising malpractice premiums, which premiums would again rise in the absence of the act. Ch. 80-67, Preamble, Laws of Florida. The Legislature proceeded to note the need for "an alternative ... which will similarly screen out claims lacking in merit," and to that end expressed the belief that "individuals required to pay attorney's fees to the prevailing party will seriously evaluate the merits of a potential medical malpractice claim." Ch. 80-67 (emphasis supplied).
It is therefore apparent that, as with Section 57.105, the Legislature intended the possibility of a fee award to operate as a deterrent to "baseless" medical malpractice claims. Under the rationale set forth in Wright, the implementation of this legislative goal requires that the fee award thereunder must therefore "be based only on the reasonable value of the services, not on whether or how much the prevailing party has actually paid." Therefore, the payment of the fee by Couch's insurance company would be irrelevant to the deterrent effect intended by the Legislature to result from the operation of Section 768.56.
Further, as an enactment providing for attorney's fees, the statute must be strictly construed. DeRosa v. Shands Teaching Hospital and Clinics, Inc., 549 So.2d 1039 (Fla. 1st DCA 1989). Section 768.56 does not qualify the mandatory requirement of a fee award by any reference to insurance coverage of those fees, but only by the insolvence or poverty of the losing party. This is further evidence that the statute was intended to apply regardless of the availability to the prevailing party of insurance coverage. We therefore reverse the trial court's denial of Dr. Couch's motion for attorney's fees pursuant to Section 768.56, and remand for the determination of the amount of fees owed, both for trial, and for appellate representation before this court.
We also conclude that the trial court's denial of Couch's motion for statutory costs pursuant to Section 57.041, Florida Statutes (1983) was not mandated by City *1188 of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979). In that case, non-party corporations had paid the majority of the prevailing party's costs, not pursuant to insurance coverage, or in the expectation that such costs would be repaid. The court reasoned that "since costs are in the nature of an indemnification, no award thereof should be made unless the party seeking the award has either paid the items or incurred liability to do so." Boca Raton at 486.
We believe that the element of insurance coverage in the instant case necessarily removes it from the operation of the Boca Raton holding. It is well established that, after full payment of a loss incurred by its insured, an insurance company is, by operation of law, without necessity for express policy provision or formal assignment by the insured, entitled to be subrogated to any right the insured may have against the third-party "wrongdoer." 31 Fla. Jur.2d Insurance, § 949 (emphasis supplied).
By holding as a matter of law that a prevailing party's "absolute" right to statutory costs, Dragstrem v. Butts, 370 So.2d 416, 417 (Fla. 1st DCA 1979), is nullified by his possession of an insurance policy covering those costs, the insurance company's entitlement by operation of law to subrogation to that right is also destroyed. We decline to extend the Boca Raton holding so far. We note the recent decision of Turner v. D.N.E., Inc., 547 So.2d 1245 (Fla. 4th DCA 1989), which relied on Boca Raton to reverse an award of costs actually paid by the prevailing party's insurance company. However, in our case, unlike Turner, there was no stipulation that Dr. Couch was not obligated to reimburse his insurer.
The trial court's denial of Dr. Couch's motion for statutory costs is therefore reversed, and the case remanded for reconsideration thereof.
BOOTH and BARFIELD, JJ., concur.