555 So.2d 1276 (1989)
Elena Alvarez AZZARELLI, Former Wife, Appellant,
v.
Michael Dean PUPELLO, Former Husband, Appellee.
No. 89-00068.
District Court of Appeal of Florida, Second District.
December 27, 1989.
Rehearing Denied January 31, 1990.
C. Philip Campbell, Jr. and Fernando J. Alvarez of Campbell & Watkins, Tampa, for appellant.
Deborah Marks of Hertzberg & Malinski, P.A. and Cynthia L. Greene of Law Offices of Greene and Greene, P.A., Miami, amicus curiae brief on behalf of the Family Law Section of the Florida Bar.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellee.
CAMPBELL, Chief Judge.
The question presented to us in this appeal is whether attorney's fees may be denied a former wife in an action to enforce a final judgment of dissolution of marriage solely on the basis that the former wife's present husband voluntarily paid her attorney's fees to enable her to have adequate representation. We answer that question in the negative, reverse the order of the trial court denying appellant attorney's fees and remand for further proceedings consistent with this opinion.
The parties in this case are appellant/former wife, Elena Alvarez Azzarelli (Wife), and appellee/former husband, Michael Dean Pupello (Husband). The final judgment of dissolution of marriage in this cause was entered on June 6, 1986. Husband filed a motion for enforcement of *1277 final judgment regarding shared parental responsibility for the express purpose of prohibiting the parties' three minor children from attending private school. In a separate motion, Husband asked the court to resolve some ongoing visitation disputes between the parties. Wife responded to both motions and prayed for an award of attorney's fees and costs incurred in responding to the motions. The trial court denied Husband's motion with respect to his children's private schooling and entered a separate order setting visitation. Both orders reserved jurisdiction to hear Wife's request for attorney's fees.
At the hearing on Wife's motion for attorney's fees and costs, the parties stipulated to certain evidentiary issues and the testimony of witnesses. It was stipulated that Wife's attorney's testimony would be that the charges for services he provided to Wife were reasonable and necessary charges incurred to respond to the motions and that the services had been paid for by Michael Azzarelli, Wife's current husband, pursuant to a fee agreement.
The parties also stipulated that Wife's expert witness on the reasonableness of her attorney's fees would testify that the time expended by Wife's attorney was necessary and that his charges were reasonable.
The final stipulation entered into by the parties involved expert witness fees charged to Wife by a child psychologist. It was stipulated that the fees sought were the actual charges incurred and that they were paid for by checks issued on the account of Michael Azzarelli.
The trial judge rejected the proffer of testimony by the parties that pertained to the relative financial ability of the parties stating: "The ruling isn't based on economics. I don't think that really would be the factor if it were to be heard by the Appellate Court."
The trial court denied Wife's motion for attorney's fees and costs solely on the authority of Lafferty v. Tennant, 528 So.2d 1307 (Fla. 2d DCA 1988). The court held that, regardless of the relative financial ability of the parties, because there was no showing of a borrowing or any agreement between Mr. and Mrs. Azzarelli (Wife) that Wife would repay Mr. Azzarelli for his payment of her attorney's fees and costs, Husband should not be required to be responsible to Wife for those fees.
In relying upon Lafferty as a basis for denial of attorney's fees and costs in a dissolution-of-marriage-related proceeding, the trial judge overlooked the purpose and underlying basis for the award of such fees and costs as provided for in section 61.16, Florida Statutes (1987). The often-stated purpose of section 61.16 is to place the spouses in a dissolution proceeding on as nearly an equal footing as is possible in regard to their financial ability to pay for adequate legal representation and costs. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). See also Nichols v. Nichols, 519 So.2d 620 (Fla. 1988). The financial resources that should be considered in assessing the relative financial ability of the parties are the resources the parties have available without their having to look beyond the financial resources subject to their individual control. Just as the courts will not consider family assets or the assets of a new spouse in determining the financial ability of a husband or wife to pay obligations arising out of a dissolution of marriage, neither should such assets be imputed to an otherwise needy spouse even though such needy spouse may be offered financial assistance by family or a new spouse. Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978). Lafferty does not apply. First, it was not a dissolution action. Second, the principles are dissimilar. The trial court there had ordered that any attorney's fees recovered by the plaintiff be paid over to the title insurance company that had funded the litigation. On appeal, this court reversed that order because the title insurance company was not a party to the litigation. Lafferty is not applicable to dissolution of marriage proceedings where the statutory purpose of an award of fees is to make the parties to the dissolution proceeding as nearly equal in regard to their individual financial abilities as is possible. Unlike other civil proceedings where *1278 it has been held that an award of fees and costs is in the nature of indemnification (Aspen, f/k/a Smolic v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989)), that is not the case in dissolution proceedings.
We therefore reverse the order of the trial court which denied appellant an award of attorney's fees and costs. On remand, the trial judge should order appellee to pay such reasonable amount of appellant's attorney's fees and costs as may be found necessary because of the disparate individual economic needs and abilities of the parties.
DANAHY and FRANK, JJ., concur.