RYDER, Acting Chief Judge.
Michael and Tamara- Festa brought a negligence action against Pine Island Lumber, Inc. and Jose Rodriguez for alleged injuries sustained in an automobile accident. The jury returned a verdict that Mr. Festa had not sustained a permanent injury as a result of this accident, as required under Florida’s no fault insurance statute. § 627.737(2), Fla.Stat. (1987). The trial court then awarded appellees taxable legal costs pursuant to chapters 45 and 768, Florida Statutes (1987). At the hearing on appellees’ motion to tax.costs, appellees’ trial counsel conceded that the appellees’ insurer had incurred the court costs, and that appellees had incurred no costs.
We affirm the jury’s verdict finding no permanent injury. We reverse the award of costs to appellees. See Aspen v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989) and cases cited therein. We again certify to the supreme court the following question as being one of great public importance:
CAN A NONPARTY RECOVER COSTS IT HAS INCURRED ON BEHALF OF A NAMED PARTY UNDER THE RULE AND STATUTES REGARDING OFFERS OF JUDGMENT, OR ARE COSTS RECOVERABLE UNDER THOSE PRO *346 VISIONS ONLY BY PARTIES WHO HAVE PAID COSTS OR INCURRED LIABILITY TO DO SO?
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
DANAHY and THREADGILL, JJ., concur.