564 So.2d 1204 (1990)
Norman ROYSTER, Appellant,
v.
Karyn D. VAN DER MEULEN, Appellee.
No. 89-3292.
District Court of Appeal of Florida, First District.
July 25, 1990.
David H. Burns and Pamela K. Frazier of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for appellant.
James C. Barth of Callahan, Barth & Dobbins, Destin, for appellee.
*1205 NIMMONS, Judge.
In this automobile accident case, the appellant (defendant below) appeals from a final judgment which awarded damages assessed by the jury in the sum of $3,700 and costs in the sum of $1,046.90, and from an order entered on the same date denying appellant's motion to tax costs and attorney's fees pursuant to Rule 1.442, Florida Rules of Civil Procedure, and Section 768.79, Florida Statutes (1987). We reverse the award of costs to the appellee and the denial of appellant's motion for costs and attorney's fees and remand for further proceedings.
The appellee, Karyn Van Der Meulen, sued the appellant, Norman Royster, for negligence arising out of an automobile accident. Appellant served appellee with two offers of judgment, one pursuant to Rule 1.442 and one pursuant to Section 768.79, Florida Statutes, each in the amount of $6,501. Appellee did not respond to either offer, thereby rejecting both by operation of law.
At the ensuing trial, the jury returned a verdict in favor of appellee in the amount of $3,700. Appellee filed her motion to tax costs pursuant to Chapter 57, Florida Statutes. Appellant then filed his motion to tax costs and attorney's fees in accordance with his offers of judgment.
The trial judge granted appellee's motion to tax costs and denied appellant's motion to tax costs and attorney's fees, reasoning that because appellant's liability insurance carrier (and not appellant himself) paid the costs and fees incurred in defending appellee's claim, appellant was not entitled to recover those costs and fees. The trial court entered final judgment in favor of appellee and an order in accordance with its above rulings.
The issue on appeal is limited to whether the trial court erred in awarding costs to the appellee and in denying the appellant's motion to tax attorney's fees and costs against the appellee.
Rule 1.442 provides, in pertinent part:
If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer.
The pertinent portion of Section 768.79 is set forth as follows:
(1)(a) In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
The appellee asserts that the appellant cannot recover costs and fees because the language of both the rule and the statute limit recovery to a party who has incurred the costs and fees, thus disqualifying appellant inasmuch as the latter's liability insurance carrier was obligated under the terms of the insurance contract to pay such costs and fees. We reject such strained interpretation of the statute and rule. Rather, we believe the rationale of both Couch v. Drew, 554 So.2d 1185 (Fla. 1st DCA 1989), and Hough v. Huffman, 555 So.2d 942 (Fla. 5th DCA 1990),[1] is controlling and requires reversal. We certify conflict with Aspen v. Bayless, 552 So.2d 298 (Fla. 2nd DCA 1989).
The judgment and order are reversed and the cause remanded for further proceedings consistent with this opinion.
SMITH and ALLEN, JJ., concur.
NOTES
[1] Both Couch and Hough were decided subsequent to the entry of the subject judgment.