**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN D. ROUSE, JR.,<br>*Plaintiff-Appellant,*<br>v.<br>LAW OFFICES OF RORY CLARK; RORY WILLIAM CLARK; JAN SHAPIRO; WORLDWIDE ASSET PURCHASING, LLP,<br>*Defendants-Appellees.* | No. 09-55146<br>D.C. No. 3:06-cv-0006-LAB (RBB)<br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Larry Alan Burns, District Judge, Presiding

Argued and Submitted
April 5, 2010—Pasadena, California

Filed May 3, 2010

Before: Harry Pregerson and Robert R. Beezer,
Circuit Judges, and James L. Graham,* District Judge.

Opinion by Judge Graham

*The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

## COUNSEL

Ian Chowdhury, Law Office of Ian Chowdhury, Winnetka, California, for the plaintiff-appellant.

Mark E. Ellis and June D. Coleman, Ellis, Coleman, Poirier, LaVoie & Steinheimer, LLP, Sacramento, California, for the defendants-appellees.

---

## OPINION

GRAHAM, District Judge:

This appeal presents the issue of whether a prevailing defendant in a Fair Debt Collection Practices Act (the "FDCPA") case can be awarded costs without a finding that the plaintiff brought the action in bad faith and for the purpose of harassment. The FDCPA's provision on damages states in part: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). The district court construed this provision to mean that costs are a factor in determining the reasonableness of attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we reverse, holding that a prevailing defendant cannot be awarded costs under the FDCPA unless the plaintiff brought the action in bad faith and for the purpose of harassment.

### I.

Martin D. Rouse, Jr. filed this action alleging unfair debt collection practices against Worldwide Asset Purchasing and its legal representatives, Rory Clark, Jan Shapiro, and the Law Offices of Rory Clark. The complaint asserted claims under the FDCPA, as well as state law claims under the California Consumers Legal Remedies Act, Cal. Civ. Code § 1770, California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30, and California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200. The complaint additionally

asserted claims for intentional and negligent infliction of emotional distress.

Rouse moved for partial summary judgment on his federal FDCPA claim. The motion was denied and the case proceeded to a jury trial.

After the second day of trial had concluded, counsel met outside the presence of the district judge to discuss jury instructions. During this meeting, plaintiff's counsel proposed that he would pursue only his FDCPA claim and dismiss all other claims. Plaintiff's counsel contends that defendants' counsel promised in return to not argue that defendants were the prevailing party on the dismissed claims, but nothing on the record memorializes such an agreement. According to defendants' counsel, plaintiff's counsel circulated a stipulation to that effect, which defendants' counsel did not sign.

It is undisputed that only the FDCPA claim was submitted to the jury, which returned a verdict for defendants. The court awarded costs in the amount of $6511.46 under Federal Rule of Civil Procedure 54(d). Plaintiff moved to re-tax costs, arguing that the FDCPA required a finding of bad faith and harassment on plaintiff's part before costs could be awarded.

The district court denied the motion to re-tax costs. It held that the FDCPA requires a finding of bad faith and harassment only before awarding attorneys' fees. "This court construes the FDCPA as instructing the court to determine the 'reasonableness' of any *attorney's fees* to be awarded to a prevailing defendant, after a finding of bad faith and harassment on plaintiff's part, *in consideration of* the work counsel expended and the costs incurred to defend the action. In that light, it has no effect on a prevailing defendant's Rule 54 costs recovery entitlement." Dec. 31, 2008 District Court Order, p. 3 (emphasis in original). The court expressly declined to consider the issue of whether the defendants were the prevailing party as to the dismissed claims.

II.

We review de novo the district court's interpretation of a statute. *United States v. Forrester*, 592 F.3d 972, 976 (9th Cir. 2010). Whether the district court has the authority to award costs is a question of law reviewed de novo. *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009); *United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 968 (9th Cir. 1999).

III.

**[1]** Rule 54 allows a court to award costs to a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Thus, "[w]hen the federal statute forming the basis for the action has an express provision governing costs . . . that provision controls over the federal rules." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001).

The parties dispute how to interpret the mention of costs in § 1692k(a)(3). "The starting point for resolving a dispute over the meaning of a statute begins with the language of the statute itself." *In re Kagenveama*, 541 F.3d 868, 872 (9th Cir. 2008) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). "Where statutory language is plain, 'the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.' " *Id*. (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004)).

**[2]** Section 1692k(a)(3) is susceptible of more than one meaning. "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). The district court interpreted the coordinating conjunction "and" as linking "work expended" with

"costs" in identifying what factors to consider in determining the reasonableness of attorneys' fees. The statute could also be interpreted as connecting "attorney's fees" with "costs" in identifying the items that may be awarded to a prevailing defendant.

**[3]** The Ninth Circuit has not directly addressed whether § 1692k(a)(3) of the FDCPA supersedes Rule 54(d) by requiring a finding of bad faith and harassment on plaintiff's part before costs are awarded to a prevailing defendant. Rouse cites two decisions, yet he acknowledges that neither is directly on point. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940 (9th Cir. 2007) ("When defending against a claim under the Act, a debt collector may recover attorneys' fees and costs upon a district court's finding that the consumer brought the action in bad faith and for purposes of harassment."); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1229 (9th Cir. 1988) ("Under section 1692k(a)(3), a debt collector may recover attorneys' fees and costs upon the district court's finding that an action under the Federal Act was brought in bad faith and for purposes of harassment."). The court in both cases was not answering the issue presented in this case but was paraphrasing § 1692k(a)(3) before reviewing the bad faith determinations made by the district courts.

In dicta, a Second Circuit decision similarly paraphrased the provision as follows: "[S]ection 1692k(a)(3) permits a court to award reasonable attorney's fees and costs only upon a finding 'that an action under this section was brought in bad faith and for the purpose of harassment.' " *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989). Again, though, the court was not presented with the issue before us.

Both parties cite numerous district court decisions, many of them unpublished, but those decisions are not helpful because the courts did not engage in a statutory analysis of § 1692k(a)(3). *Compare Pavone v. Citicorp Credit Servs.,*

*Inc.*, 60 F.Supp.2d 1040, 1049 (S.D. Cal. 1997) (denying request for costs by prevailing FDCPA defendants upon finding that the suit was not brought in bad faith, but not explaining its interpretation of § 1692k(a)(3)), *with Young v. Capital One Bank*, No. 07-60731-CIV, 2007 WL 2273669, at *1 (S.D. Fla. Aug. 7, 2007) (awarding costs under Rule 54(d) to a prevailing FDCPA defendant as a matter of course, without considering whether a bad faith finding was required).

The district court, in holding that costs is a factor in determining the reasonableness of attorneys' fees, explained that the statutory provision is "primarily concerned with the recovery of attorney's fees," but this is not so. Section 1692k(a) is entitled "Amount of damages" and it expressly deals with actual damages, statutory damages, costs, and attorneys' fees.

We find no binding or persuasive authority on the issue of statutory interpretation presented in this appeal. In an effort to help resolve the ambiguity, the parties direct our attention to the rules of grammar. With conflicting results, the parties invoke Strunk and White's imperative to keep related words together. William Strunk, Jr. & E.B. White, The Elements of Style 30 (4th ed. 2000) ("Modifiers should come, if possible, next to the words they modify."); *see also Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (noting the "grammatical 'rule of the last antecedent,' according to which a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows."). Rouse targets the word "expended" and argues that had Congress meant for costs to merely be a factor in determining the reasonableness of attorneys' fees, it would have written, "the court may award to the defendant attorney's fees reasonable in relation to the work and costs *expended*."

Appellees argue that the word "costs" belongs to the phrase "attorney's fees reasonable in relation to" and not the more remote phrase "the court may award." Appellees also emphasize that in the sentence immediately preceding the statutory

language at issue, Congress provided that prevailing plaintiffs receive "the costs of the action, together with a reasonable attorney's fee." 15 U.S.C. § 1692k(a)(3). Had Congress intended to require a finding of bad faith before a prevailing defendant is awarded costs, appellees argue, then it would have used the same sentence structure as the provision for prevailing plaintiffs, with the result reading, "the court may award to the defendant *the costs of the action*, together with a reasonable attorney's fee in relation to the work expended."

**[4]** The problem with the interpretation espoused by appellees and the district court is that it would require courts to consider costs in determining the reasonableness of attorneys' fees. When a statute is ambiguous, a court should construe it in a way to avoid an absurd result. *Clinton v. City of New York*, 524 U.S. 417, 429 (1998); *United States v. Middleton*, 231 F.3d 1207, 1210 (9th Cir. 2000). Costs are not part of the traditional methodology of determining the reasonableness of attorneys' fees, and for good reason. Costs, whether defined as those taxable under 28 U.S.C. § 1920 or as broader litigation costs, are often fixed by statute or local rule and bear no direct causal relationship to the reasonableness of attorneys' fees. There may be a correlation, in that the complexity of the case could be a common variable of both — the more complex the case, the greater the hours worked by attorneys and perhaps the greater the total costs for court reporters, witnesses, copies, travel, etc. Even so, it is a logical fallacy to use costs to determine the reasonableness of attorneys' fees.

**[5]** Such an approach is also is contrary to attorneys' fees jurisprudence. The "lodestar method" is "the fundamental starting point in determining a 'reasonable attorney's fee.' " *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)); *see also Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) ("Under a fee-shifting statute, the court must calculate awards for attorneys' fees using the lodestar method . . . .") (citation and internal quotation marks

omitted). This method requires a court to multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562; *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009).

**[6]** Adjustments to the lodestar amount are allowed only "if circumstances warrant," *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001), and are reserved for "rare" or "exceptional" cases. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988). Adjustments must be carefully tailored, drawing from a finite pool of factors relevant to the reasonableness determination and only to the extent a factor has not been subsumed within the lodestar calculation. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008) (citing the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Those factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Camacho*, 523 F.3d at 982 n.1. Costs are not among the factors a court may consider in adjusting the lodestar amount.

Mandating that costs be factored into the determination of the reasonableness of attorneys' fees would undermine judicial economy. It would require courts to engage in a fruitless exercise of attempting to relate the lodestar figure to the amount of costs. Courts would be left grasping to provide some meaning to a variable that has no necessary bearing on the reasonableness of attorneys' fees.

**[7]** In defense of the district court's interpretation, appellees cite the FDCPA's legislative history. When an ambiguity

exists in a statute, courts may look to legislative history, canons of construction, and the statute's overall purpose to resolve the matter. *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1133 (9th Cir. 2009); *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006). The legislative history does not help appellees. In explaining civil liability, the Senate Report on the FDCPA appears to contemplate that awards of both attorneys' fees and costs to a prevailing defendant be conditioned on a finding that plaintiff brought the action in bad faith and for harassment: "In order to protect debt collectors from nuisance lawsuits, if the court finds that an action was brought by a consumer in bad faith and for harassment, the court may award the debt collector reasonable attorney's fees and costs." S. Rep. No. 95-382, at 5 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1700. It is true, as appellees point out, that later in its summary of the relevant section (Section 813), the Report fails to mention costs as being available to a prevailing defendant. *Id.* at 8, 1977 U.S.C.C.A.N. at 1702 ("Where a court finds that a suit was brought by a consumer in bad faith and for harassment, the court may award reasonable attorney's fees to the defendant."). However, nowhere does the Report state an intention that costs be a factor in determining the reasonableness of attorneys' fees.

**[8]** The FDCPA's remedial purpose is served by interpreting § 1692k(a)(3) as authorizing an award of attorneys' fees and costs only upon a finding that plaintiff brought the action in bad faith and for the purpose of harassment. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033-34 (9th Cir. 2010) (stating that the FDCPA should by construed liberally to effect its remedial purpose); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) (same). The Act's express purpose is to shield consumers from abusive debt collection practices. 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consis-

tent State action to protect consumers against debt collection abuses."). Thus, insulating consumers from the prospect of paying defendants' costs by requiring a finding that the action was brought in bad faith and for harassment is consistent with the stated intent of Congress.

The wording of § 1692k(a)(3) is unlike the provisions of other consumer credit protection statutes. *See United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) (court may look to related statutes to resolve an ambiguity); *Jonah R.*, 446 F.3d at 1007 (same). The FDCPA is part of the larger statutory scheme of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601-1693r, which includes the following: the Truth in Lending Act, 15 U.S.C. §§ 1601-1665e; the Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j; the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667f; the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x; the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f; and the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693-1693r.

**[9]** While these statutes expressly provide for an award of costs and attorneys' fees to prevailing plaintiffs, only the FDCPA and the FCRA provide for prevailing defendants. The FCRA states,

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c) (willful noncompliance); 15 U.S.C. § 1681o(b) (negligent noncompliance). In contrast to the FCRA's omission of the word "costs," the FDCPA's express mention of costs further supports that Congress intended to

condition an award of costs to a prevailing defendant upon a finding of bad faith and harassment on plaintiff's part.

## IV.

**[10]** We REVERSE the district court's holding that costs may be awarded under the FDCPA to a prevailing defendant without a finding that plaintiff brought the action in bad faith and for the purpose of harassment. We VACATE the award of costs and REMAND for further proceedings consistent with this opinion.