BOARDMAN, EDWARD F., (Retired) Judge.
The appellant urges that the trial court erred in the final judgment for costs entered in favor of the appellant. We agree and reverse.
The appellees filed suit against the appellant, their uninsured motorist insurance carrier, claiming injuries as the result of an automobile accident. The matter was scheduled for trial during the week of May 23, 1988. Apparently because of adverse pretrial rulings by the trial court, the ap-pellees announced a voluntary dismissal of their action on the morning of trial pursuant to Florida Rule of Civil Procedure 1.420(a). Thereafter, the appellant filed a motion in that action to tax costs under rule 1.420(d) claiming items of costs totaling $6,325.16. On September 8, 1988, the appellees refiled their action against the appellant.
On September 22, 1988, the trial court entered an order on the appellant’s motion to tax costs in which the trial court expressed its opinion that the appellees should be required to pay those costs which were the result of the appellees’ voluntary dismissal but not those costs for items which the appellant will continue to be able to use in the ongoing litigation. On December 19, 1988, the trial court entered the final judgment for costs which is the subject of this appeal, listing cost items totaling $501.48 taxed against the appellees in favor of the appellant.
The appellant’s position is that when a plaintiff voluntarily dismisses an action, rule 1.420(d) requires the trial court to tax in whole or in part or disallow each of the specified cost items submitted by the defendant, depending upon the trial court’s determination of the reasonableness of the amount of a particular item and the necessity for incurring it. The appellant’s position is entirely correct. See Keener v. Dunning, 238 So.2d 113 (Fla. 4th DCA 1970). We are unaware of any authority permitting the trial court to automatically disallow costs for items which the defendant will continue to be able to use in ongoing litigation refiled by the plaintiff. The first sentence in rule 1.420(d) states that “[cjosts in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.” The remainder of rule 1.420(d) does not qualify the first sentence.
For the foregoing reasons, we reverse the final judgment for costs and remand with directions that the trial court consider each item of cost listed in the appellant’s motion to tax costs, determine as to each item whether it should be allowed in whole or in part or disallowed, and enter a final judgment for costs for all items which the trial court determines are allowable costs.
Reversed and remanded.
FRANK, A.C.J., and ALTENBERND, J., concur.