555 So.2d 942 (1990)
Sandra HOUGH, Etc., et al., Appellants,
v.
Joseph W. HUFFMAN, et al., Appellees.
Nos. 88-2447, 89-112, 89-365.
District Court of Appeal of Florida, Fifth District.
January 18, 1990.
*943 Andrew A. Graham, Maureen M. Matheson, and Robert M. Moletteire, of Reinman, Harrell, Silberhorn and Graham, P.A., Melbourne, for appellants, Nos. 88-2447; 89-112.
James A. Young, of Haas, Boehm, Brown, Rigdon, Seacrest & Rischer, P.A., Tampa, for appellee Huffman, Nos. 88-2447; 89-112.
No appearance for appellees William Shields and Diane Shields, No. 89-112.
James A. Young, of Haas, Boehm, Brown, Rigdon, Seacrest & Rischer, P.A., Tampa, for appellant Huffman, No. 89-365.
Janet DeLaura Harrison, of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Rockledge, for appellee Woodling, No. 89-365.
SHARP, Judge.
Sandra Hough, a minor, and her guardians appeal from a final judgment denying them any recovery in an automobile collision suit; an order denying their motion for new trial; and an award of $3,260.95 in costs to Huffman, the defendant. We find no merit to appellants' argument that defense counsel prejudiced the fairness of the trial by referring briefly in his opening and closing arguments to the absence of a person who had previously been dismissed as a party from the lawsuit, even assuming trial counsel preserved this argument for appeal purposes. We also affirm the trial court's award of costs to Huffman, although we recognize that this decision creates a conflict with our sister courts. See Aspen v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989); Turner v. D.N.E., Inc., 547 So.2d 1245 (Fla. 4th DCA 1989); City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979).
In this case, Huffman drove the automobile in which Sandra was a passenger when the accident occurred. Huffman was driving east, in his proper lane, on an unpaved, unlighted road, at forty to forty-five miles per hour. Unknown to Huffman, two westbound cars had stopped on the road ahead. Shields brought his car to a stop in the middle of the eastbound lane, and his headlights were off. Woodling stopped his car slightly ahead of Shields' car, in the westbound lane, to offer assistance. The headlights of Woodlings' car were on.
The jury believed Huffman's testimony that he was blinded by Woodling's headlights and could not see Shields' car when he hit it in his own traffic lane. They found that no negligence on the part of Huffman contributed to Sandra's injuries which resulted from the accident. Pursuant to section 57.041, Florida Statutes (1987),[1] the trial court awarded Huffman the costs incurred in defending the lawsuit.
*944 Both parties agree Huffman's liability insurance company paid the costs in accordance with its insurance contract with Huffman; Huffman will not be liable to pay the costs; and Huffman's insurance company is not a party to this lawsuit. Although liability insurance carriers were once joined in such cases as parties, section 627.7262, Florida Statutes (1987) precludes such practice. Home Insurance Company of Illinois v. Sentry Insurance a Mutual Co., 461 So.2d 1038 (Fla. 4th DCA 1985), receded from on other grounds, Hartford Accident & Indemnity Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987). However, we agree with appellee that the reason for that provision was to prevent undue prejudice to insurance companies, and to avoid "deep-pocket" jury verdicts. Surely it was not intended to impact the award of costs to a prevailing party under section 57.041, or any other provision dealing with cost awards.
The cases from our sister courts which deny costs in such a context, we submit, are flawed because they do not take into consideration the contract relationship between an insurer and its insured, and the resulting subrogation rights of an insurance company which defends its insured and pays costs and expenses of a lawsuit, as required by its contract of insurance. City of Boca Raton is distinguishable from this case because an insurance company bound to pay its insured's costs and expenses was not involved. The non-parties in City of Boca Raton who paid the prevailing party's costs were simply volunteers.
The Boca Raton court gave as the reason for its ruling the fact that had the other party prevailed in that case, the volunteers or non-parties, would not be liable for that party's costs:
It has been suggested that one reason for the foregoing rule precluding non-parties from recovering costs is that if they are unsuccessful they are not available to respond for the other party's costs.
372 So.2d at 485. Obviously such is not the case for a defendant's liability carrier. It may indeed be fully liable for the plaintiff's costs and expenses if the plaintiff prevails, and the plaintiff may, after obtaining a judgment against an insured defendant, join the insurer as a party. § 627.7262, Fla. Stat. (1987).
Aspen involved an award of costs pursuant to Florida Rule of Civil Procedure 1.442 (Offer of Judgment rule). The court held the defendant was not entitled to recover any costs under that rule because his insurance carrier had paid them, and the defendant had no obligation to reimburse his carrier. The court relied on the Boca Raton case and Lafferty v. Tennant, 528 So.2d 1307 (Fla. 2d DCA 1988), which involved an award of attorney fees. Turner reversed an award of costs to a defendant made pursuant to Florida Rule of Civil Procedure 1.420(d) for the same reasons as relied upon in Aspen and Lafferty. Although different rules are involved, the holding and rationale of the above cases are in conflict with the result we reach in this case.
The genesis for the Boca Raton case was apparently 20 Am.Jur.2d Costs § 26:
Costs are generally not recoverable by a person not a party to litigation... . Under certain circumstances, however, one not a party of record, but beneficially interested in or directly related to the litigation may be required to pay the costs in such litigation.
If the reason for the general rule first stated by American Jurisprudence is that non-parties are not liable to the prevailing party, then if they are liable, as is an insurance liability carrier, the general rule should be otherwise.
Insurance is a business "adventure." It "is not founded on any philanthropic or charitable principle." State ex rel. Landis v. Dewitt C. Jones Co., 108 Fla. *945 613, 147 So. 230 (1933). After an insurance company has paid a loss on behalf of its insured, it is entitled to subrogation either by express contract rights, or by equitable subrogation by operation of law. 31 Fla. Jur.2d Insurance § 149; 12 Fla.Jur.2d Contribution, etc. §§ 18 and 20. This right of subrogation would include rights against its own insured, if the insured were to recover and attempt to keep costs and expenses awarded in this case. See International Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla. 1972).
Failure to allow a cost award to a prevailing defendant who is insured, because of the fact of insurance coverage alone, gives the plaintiff, and/or the plaintiff's insurance carrier, an undeserved windfall. The defendant has paid premiums for such insurance coverage. Why should a nonprevailing plaintiff be afforded any fortuitous benefit from such circumstances?
Accordingly, we hold that the trial court correctly awarded costs to the prevailing party in this case, and we certify a conflict[2] with our sister courts on this issue.
AFFIRM.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Section 57.041, Florida Statutes (1987) provides:

57.041 Costs; recovery from losing party. 
(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.
[2] Fla.R.A.P. 9.030(a)(2)(A)(vi); Art. V, § 3(b)(4), Fla. Const.