564 So.2d 1081 (1990)
Karen Jeanne Smolic ASPEN, F/K/a Karen Jeanne Smolic, Petitioner,
v.
Brooke T. BAYLESS, Respondent.
Sandra HOUGH, Etc., et al., Petitioners,
v.
Joseph W. HUFFMAN, Respondent.
Nos. 75107, 75559.
Supreme Court of Florida.
July 26, 1990.
H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for petitioner Aspen.
Andrew A. Graham, Maureen M. Matheson and Robert M. Moletteire of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for petitioner Hough.
T. Philip Hanson, Jr. of Greenfelder, Mander, Hanson & Murphy, Dade City, for respondent Bayless.
*1082 Robert L. Donald and H.A. Rigdon of Haas, Boehm, Brown, Ridgon & Seacrest, P.A., Tampa, for respondent Huffman.
Janet DeLaura Harrison of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Rockledge, for respondent Woodling.
Alan E. McMichael of Stripling & McMichael, P.A., Gainesville, amicus curiae for The Academy of Florida Trial Lawyers.
Jack W. Shaw, Jr. of Mathews, Osborne, McNatt & Cobb, P.A., Jacksonville, amicus curiae for Florida Defense Lawyers' Ass'n.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, amicus curiae for The Florida Ass'n for Ins. Review.
Donna E. Albert, Fort Lauderdale, amicus curiae for Watersports Claims Management, Ltd.
McDONALD, Justice.
We have for review Aspen v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989), and Hough v. Huffman, 555 So.2d 942 (Fla. 5th DCA 1990). In Aspen the second district certified the following question as being of great public importance:
Can a nonparty recover costs it has incurred on behalf of a named party under the rule and statutes regarding offers of judgment, or are costs recoverable under those provisions only by parties who have paid costs or incurred liability to do so?
552 So.2d at 301. In Hough the fifth district certified conflict with Aspen, Turner v. D.N.E., Inc., 547 So.2d 1245 (Fla. 4th DCA 1989), and City of Boca Raton v. Boca Villas Corp., 372 So.2d 485 (Fla. 4th DCA 1979). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We hold that a party is not precluded from recovering costs under Florida Rule of Civil Procedure 1.442, or after judgment in its favor, when someone other than the named party pays or advances those costs. Accordingly, we quash Aspen and approve Hough.
Bayless sued Aspen, seeking damages for personal injuries received in an automobile accident. Aspen, represented by her insurance carrier, filed an offer of judgment. After refusing that offer, Bayless received a judgment, but for less than the offer. The trial court denied Aspen's motion to tax costs under rule 1.442 because Aspen's insurance policy provided that the carrier would pay all costs and she, therefore, neither paid the costs nor incurred any liability for them. The district court affirmed and held, although with some reservations, that under common law principles costs are in the nature of indemnification and, generally, are not awardable to nonparties.
In Hough a child's parents sued the driver of a car for injuries the child received in an accident. A jury found no negligence on Huffman's part, and the trial court awarded him costs, even though his costs had been paid by his insurance company. The district court affirmed and recognized conflict with the second and fourth districts' decisions.
The fifth district noted that a defendant's insurance carrier "may ... be fully liable for the plaintiff's costs and expenses if the plaintiff prevails, and the plaintiff may, after obtaining a judgment against an insured defendant, join the insurer as a party." Hough, 555 So.2d at 944. Although costs are not recoverable by a nonparty as a general rule, the court reasoned that the general rule should be different when a nonparty, such as an insurance carrier, is liable for a prevailing party's costs. Applying that reasoning, the court stated:
Insurance is a business "adventure." It "is not founded on any philanthropic or charitable principle." After an insurance company has paid a loss on behalf of its insured, it is entitled to subrogation either by express contract rights, or by equitable subrogation by operation of law. This right of subrogation would include rights against its own insured, if the insured were to recover and attempt to keep costs and expenses awarded in this case.
Failure to allow a cost award to a prevailing defendant who is insured, because of the fact of insurance coverage *1083 alone, gives the plaintiff, and/or the plaintiff's insurance carrier, an undeserved windfall. The defendant has paid premiums for such insurance coverage. Why should a nonprevailing plaintiff be afforded any fortuitous benefit from such circumstances?
Id. at 944-45 (citations omitted).
We agree with this analysis. Moreover, we are also persuaded that denying costs in Aspen would subvert the purpose and intent of rule 1.442 and sections 45.061, and 768.79, Florida Statutes (1987), i.e., to encourage parties to settle claims without going to trial. Most tort claims involve liability insurance companies which are contractually obligated to pay litigation costs on behalf of, and to indemnify and pay costs assessed against, their insureds. If a named insured is unable to obtain costs under rule 1.442, there would be less incentive to accept an offer to settle and no penalty for failing to do so.
Further, we believe the Aspen court decided this issue on the erroneous premise that a party may not recover costs when the funds used to pay the costs were furnished by a third person without any obligation of repayment. Under this analysis, an indigent personal injury plaintiff who had paid the filing fee with funds given to him by a relative would not be able to recover the filing fee as part of his costs upon the successful completion of his lawsuit. It is unnecessary to inquire into the source of funds used for the initial payment of the costs in order to award taxable costs to the winning party. In the instant case, the costs were properly recoverable by Aspen even though they had been advanced by her insurance company. The fact that the insurance company can require Aspen to turn over the costs recovered from Bayless under principles of subrogation is of no moment in this suit in which Aspen is merely seeking a judgment for costs against Bayless.
We therefore approve Hough and quash Aspen and direct the district court to remand the latter case for assessment of costs. We also disapprove Turner and City of Boca Raton to the extent of conflict with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.