566 So.2d 322 (1990)
Edgar BALSECA and Gina Balseca, Appellants,
v.
CALLIES ELECTRIC, INC., Appellee.
No. 90-9.
District Court of Appeal of Florida, Third District.
August 21, 1990.
*323 Stephen Cahen, Miami, and Raul Montaner, for appellants.
Peters, Pickle, Niemoeller, Robertson, Lax & Parson and Yvette Rhodes Prescott, Miami, for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Edgar and Gina Balseca appeal from a final judgment awarding costs to Callies Electric, Inc. Callies cross-appeals the trial court's denial of costs for depositions not used at trial and reduction of fees for expert witnesses. We affirm in part, reverse in part, and remand.
The Balsecas sued Callies, Edgar's employer, for negligence and loss of consortium. The case proceeded to jury trial on May 3, 1989. On May 4, 1989, the Balsecas voluntarily dismissed the action, and the trial court entered an order dismissing the cause without prejudice.
The Balsecas commenced a second action against Callies on the same claims. Callies filed a motion to tax costs in the amount of $18,214.35 pursuant to Florida Rule of Civil Procedure 1.420(d).[1] At the hearing on Callies' motion and in their memorandum of law opposing the motion, the Balsecas argued that costs could not be awarded to Callies because Callies' insurance company, a nonparty, actually paid for the costs of litigation. The trial court awarded $4,872.85 in costs to Callies. As to specific cost items,[2] the trial court denied Callies costs for discovery depositions not used at trial and reduced costs for expert witness fees.
Costs were properly awarded to Callies pursuant to Florida Rule of Civil Procedure 1.420(d) notwithstanding that Callies' liability insurer paid the costs in accordance with its insurance contract and was not a party to the lawsuit. Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990) (a party is not precluded from recovering costs under Florida Rule of Civil Procedure 1.442, or after judgment in its favor, when someone other than named party pays those costs). In Aspen, the Florida Supreme Court resolved a conflict between the Second District in Aspen v. Bayless, 552 So.2d 298 (Fla. 2d DCA 1989), and the Fifth District in Hough v. Huffman, 555 So.2d 942 (Fla. 5th DCA 1990). Both Aspen and Hough involved the issue of whether costs of litigation could be awarded to a party even though that party's liability insurer paid the costs of litigation and was not a party to the suit.
The Florida Supreme Court agreed with the Fifth District's analysis in Hough, finding that "failure to allow a cost award to a prevailing defendant who is insured because of the fact of insurance coverage alone, gives the plaintiff, and/or the plaintiff's insurance carrier, an undeserved windfall." Aspen, 564 So.2d at 1082-1083. Aspen, citing Hough, emphasized an insurance company's right to subrogation against its insured "either by express contract rights, or by subrogation by operation of law ... if the insured were to recover and attempt to keep costs awarded in [a] case." Id.
*324 Here, as in Hough, the insurance carrier who paid for the costs of litigation has subrogation rights against the insured, entitling it to reimbursement for its costs. Therefore, Callies, the insured, does not, as the appellants suggest, get the windfall of keeping costs which it never paid in the first instance.
Although Hough involved an award of costs under section 57.041, Florida Statutes (1987), the Hough court suggested that the same result should apply to any other provision dealing with cost awards. Hough, 555 So.2d at 944. Furthermore, because the Florida Supreme Court in Aspen disapproved of Turner v. D.N.E., Inc., 547 So.2d 1245 (Fla. 4th DCA 1989), which denied costs under Florida Rule of Civil Procedure 1.420(d), where a nonparty insurer paid the costs of litigation, we do not hesitate to award costs here. Accordingly, on the authority of Aspen, we affirm the trial court's award of costs to Callies pursuant to Florida Rule of Civil Procedure 1.420(d).
Turning to the issues on cross-appeal, we affirm the trial court's reduction of expert witness fees. It is clear from the transcripts of the hearing on Callies' motion to tax costs that the trial court considered each item of cost for expert witnesses listed in Callies' motion and determined as to each item whether the cost was reasonable. Nothing more is required. See Allstate Ins. Co. v. Jasiecki, 549 So.2d 816 (Fla. 2d DCA 1989) (on motion to tax costs against plaintiff who had voluntarily dismissed action, trial court should have considered each item of costs and determined as to each item whether it should be allowed in whole or in part or disallowed), rev. denied, 560 So.2d 233 (Fla. 1990); del Real v. Dawson, 320 So.2d 20 (Fla. 4th DCA 1975) (no abuse of discretion in disallowing costs for court reporter's per diem costs, certain expert witness fees, copies of depositions of expert witnesses, and expenses of trip for purpose of attending deposition, following a voluntary dismissal where trial judge had good reasons for exercising his discretion as he did); Keener v. Dunning, 238 So.2d 113 (Fla. 4th DCA 1970) (trial judge should tax in whole or in part or disallow any items, depending on his interpretation of the reasonableness of its amount and the necessity for incurring it).
As to Callies' second point on cross-appeal, we reverse the trial court's order disallowing costs for depositions not used at trial. Although it is well settled that taxation of costs is a matter which rests largely in the discretion of the trial court, it is also well settled that the cost of depositions should not be disallowed merely because the use of the depositions was obviated by a voluntary dismissal. See Goldstein v. Great Atlantic & Pacific Tea Co., 142 So.2d 115 (Fla. 3d DCA 1962) (plaintiff who took voluntary nonsuit was properly required to pay costs for defendants' depositions although they were not used due to nonsuit); Allstate Ins. Co. v. Jasiecki, 549 So.2d 816 (Fla. 2d DCA 1989) (trial court may not disallow costs for items which defendant will continue to be able to use in ongoing litigation refiled by plaintiff); Keener v. Dunning, 238 So.2d 113 (Fla. 4th DCA 1970) (same). On remand, the trial judge is directed to enter an order either taxing in whole or in part or disallowing for reasonable grounds taxation of costs for depositions not used at trial.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NOTES
[1] Rule 1.420(d) provides in part:

Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper[.]
[2] These are the items appealed by Callies in its cross-appeal.