PER CURIAM.
Defendants Pieter Kanaar and Gerald Perry appeal post-judgment orders awarding costs to plaintiffs Steven and Linda *1007 Goodwin, denying costs to defendants and denying defendants’ motion to add an additional party defendant. We reverse.
Plaintiffs filed suit against defendants for damages arising from a motor vehicle accident. Defendants made an offer of judgment which was not accepted by plaintiffs. After a jury trial, plaintiffs recovered a judgment which was lower than defendants’ offer of judgment. Final judgment was entered August 14, 1989.
Plaintiffs moved to tax costs as the prevailing party under section 57.041, Florida Statutes (1989). Defendants moved for costs incurred after the making of the offer of judgment, pursuant to Rule 1.442, Florida Rules of Civil Procedure (1989). Plaintiffs opposed defendants’ motion, arguing that any costs of defense were incurred by defendants’ insurer, State Farm Mutual Automobile Insurance Company, and that costs therefore could not be awarded to defendants. Defendants argued that they were entitled to an award of costs as a matter of law, and alternatively moved for an order permitting State Farm to be added as a party defendant for purposes of the cost award. The trial court awarded costs to plaintiffs, denied costs to defendants, and denied the motion to add State Farm on the theory that it did not have jurisdiction to do so.
At the time of the proceedings below the trial court did not have the benefit of the Florida Supreme Court's decision in Aspen v. Bayless, 564 So.2d 1081 (Fla.1990). Aspen holds that costs are properly recoverable by a defendant even though the costs were advanced by the insurance company. The orders under review must be reversed under authority of Aspen and the case remanded for entry of a cost award in favor of defendants for costs incurred subsequent to the making of the offer of judgment. The appeal from the order denying leave to add State Farm as an additional party defendant is moot.
Reversed and remanded.