PER CURIAM.
In these consolidated appeals, the plaintiff seeks review of the trial court's denial of a motion under rule 1.540 for relief from a judgment dismissing the case following her failure to appear for trial. Additionally, Dr. Ghen seeks review of the trial court’s order denying attorney’s fees and costs. We affirm the order denying post-judgment relief but reverse as to the fees and costs.
The appellant filed a malpractice claim in 1984. She lived in Boynton Beach when the lawsuit was filed. The case was set for trial in October of 1988. Prior to the trial date, appellant asked her attorney to withdraw and the attorney filed a motion to strike his appearance. Devlin then called the judge’s office and asked how to handle the situation. She then wrote a letter to the judge asking for a continuance and asking the court to notify her of its response at a Bradenton address. Copies of the letter were not sent to the other counsels of record.
On the same day the court received appellant’s letter, a Rearing regarding status conference was set for September 28, 1988. Notice of that hearing date was sent to appellant’s attorney and not to appellant. Appellant did not appear for the hearing and a status conference was set for October 6th, prior to the scheduled trial. The court order stated that Devlin’s case may be dismissed if she failed to personally appear at the conference. That order was sent to appellant’s address of record. When appellant failed to appear at the status conference, the court entered an order requiring that she appear at docket call and show cause why her case should not be dismissed. This order was also sent to her address of record.^ As a result of her failure to appear at trial, the court struck appellant’s pleadings and dismissed the case without prejudice on October 14. This order was also sent to the same address.
Meanwhile, appellant was attempting to obtain another attorney. In December, Dr. Ghen moved for attorney’s fees. It was at least by that time that appellant discovered that her case had been dismissed. The attorney she consulted told appellant that he would not represent her formally but would attempt to resolve the matter. The attorney then sent letters to all counsel of record outlining appellant’s legal position as to the motion to tax attorney’s fees and costs and filed legal memorandum of law with the court in opposition to the motion. It was not until June of 1989 that appellant retained new counsel who filed the motion for relief from judgment.
We affirm the order denying plaintiff’s motion. The trial court recognized that Mrs. Devlin knew that the case was scheduled for trial in October, knew that her lawyer, who she had fired, was withdrawing, knew she had received no affirmative response to her request for a continuance, and still failed to appear for trial or make any effort prior to December to learn whether the trial had been continued. She then waited from December until June to seek relief. This is sufficient support for a conclusion that appellant did not exercise due diligence. That the notices of the pretrial conference and docket call were mailed to her address of record rather than the address referred to in her letter does not automatically excuse her failure to appear at the scheduled trial or take timely action for relief. Appellant has failed to demonstrate that the court abused its dis *759 cretion in denying relief. Cf. Kar Kare Owners Group of Florida, Ltd. v. Chason, 356 So.2d 851 (Fla. 4th DCA), cert. denied, 362 So.2d 1054 (Fla.1978); Fischer v. Barnett Bank of South Florida, N.A., 511 So.2d 1087 (Fla. 3d DCA 1987).
The trial court denied cross-appellant’s motion to tax attorney’s fees and costs because he did not personally bear those costs. The supreme court has subsequently ruled on this issue in Aspen v. Bayless, 564 So.2d 1081 (Fla.1990). The court held that a party is not precluded from recovering costs paid or advanced by another. Id. at 1082. Therefore, the order denying attorney’s fees and costs is reversed. However, on remand, the trial court should consider, as a separate issue which we do not address, whether Dr. Ghen is a “prevailing party.”
HERSEY, C.J., and STONE, J., concur.
POLEN, J., dissents with opinion.