OVERTON, Justice.
We have for review Van Deventer v. Brown, 561 So.2d 469 (Fla. 2d DCA 1990), in which the Second District Court of Appeal affirmed the trial court’s order denying Van Deventer’s motion to tax costs and attorney’s fees and certified the following question as one of great public importance:
CAN A NONPARTY RECOVER COSTS IT HAS INCURRED ON BEHALF OF A NAMED PARTY UNDER THE RULE AND STATUTES REGARDING OFFERS OF JUDGMENT, OR ARE COSTS RECOVERABLE UNDER THOSE PROVISIONS ONLY BY PARTIES WHO HAVE PAID COSTS OR INCURRED LIABILITY TO DO SO?
*1294 Id. at 469. In its opinion, the district court also certified conflict with Hough v. Huffman, 555 So.2d 942 (Fla. 5th DCA 1990), approved sub nom. Aspen v. Bayless, 564 So.2d 1081 (Fla.1990).[1] We answered the identical question in Aspen v. Bayless, 564 So.2d 1081, 1082 (Fla.1990), holding that “a party is not precluded from recovering costs under Florida Rule of Civil Procedure 1.442, or after judgment in its favor, when someone other than the named party pays or advances those costs.” We quash the decision of the district court below and direct that this action be remanded to the trial court for further proceedings consistent with our opinion in Aspen.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.

. We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution.