PETERSON, Chief Judge.
Elise C. Robertson appeals a final judgment that found her unrecorded equitable lien to be inferior to the lien of a subsequent recorded mortgage. Robertson’s hen was created when she paid a deposit to a contraetor/owner for a residence that was under construction. We affirm the ruling of the trial court that Robertson’s hen was inferior to that of the mortgagee’s based on the unrefuted evidence that the mortgagee had neither actual nor constructive notice of Robertson’s hen. See Sirkin v. Schupler, 90 Fla. 68, 105 So. 151 (1925).
Robertson also appeals the award of the mortgagee’s attorney’s fees. One of the two attorneys representing the mortgagee was furnished by the mortgagee’s title insurer that was obhgated to defend the mortgagee’s interest when Robertson made the claim that she was entitled to priority. The trial court specifically avoided awarding fees for any duphcity of services by the two attorneys. Robertson argues that since the mortgagee was not obhgated to pay the fees of the title insurer’s attorney, none should be awarded. Indeed, there is some basis for the argument under Lafferty v. Tennant, 528 So.2d 1307 (Fla. 2d DCA 1988), in which the second district found the trial court in error for awarding fees because the insurance company was not a party to the action. This court disagreed with that rationale in Hough v. Huffman, 555 So.2d 942 (Fla. 5th DCA 1990).
The issue in Hough was whether a liability insurance carrier, who was a non-party but obhgated to defend its insured, should be entitled to an award of costs for an action arising from an automobile accident. The insurance carrier’s insured prevailed as to liability, and costs were awarded against the plaintiff. Recognizing that the insurance carrier paid the costs that were awarded against the plaintiff, the plaintiff appealed, arguing that the carrier was not a party to the action and could not recover its costs. This court rejected the argument, finding that:
The cases from our sister courts which deny costs in such a context, we submit, are flawed because they do not take into consideration the contract relationship between an insurer and its insured, and the resulting subrogation rights of an insurance company which defends its insured and pays costs and expenses of a lawsuit as required by its contract of insurance.
Id. at 944. The supreme court resolved the conflict by approving Hough in Aspen v. *508 Bayless, 564 So.2d 1081 (Fla.1990). Although costs rather than attorney’s fees were in issue in both Hough and Aspen, the principles are the same.
The judgment is affirmed.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.