FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KOUICHI TANIGUCHI,
              *Plaintiff-Appellant,*

v.

KAN PACIFIC SAIPAN, LTD., doing
business as Marianas Resort and
Spa,
              *Defendant-Appellee.*

No. 09-15212

D.C. No.
1:08-cv-00008

OPINION

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Argued and Submitted
October 14, 2010—Honolulu, Hawaii

Filed March 8, 2011

Before: Michael Daly Hawkins, M. Margaret McKeown and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Rawlinson

**COUNSEL**

Douglas F. Cushnie, Saipan, MP, for the plaintiff-appellant.

Richard W. Pierce (argued), Law Office of Richard W. Pierce, Saipan, MP, and Thomas Lynn Roberts (briefed), Dooley, Roberts & Fowler, Tamuning, Guam, for the defendant-appellee.

## OPINION

RAWLINSON, Circuit Judge:

Appellant Kouichi Taniguchi (Taniguchi) instituted this action against Kan Pacific Saipan, Ltd. (Kan Pacific) after he fell through a deck on Kan Pacific's premises. Following a grant of summary judgment in favor of Kan Pacific, the district court awarded costs to Kan Pacific for translation services incurred in the course of the litigation. Taniguchi appeals this award of costs.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's ruling.

## I. BACKGROUND

During a tour of property owned by Kan Pacific, Taniguchi, a professional baseball player in Japan, fell through a wooden deck. Immediately after the accident, Taniguchi stated that he did not need medical attention.

Two weeks after the incident, Taniguchi informed Kan Pacific that he had sustained various cuts, bruises, and torn ligaments from the fall. As a result of these injuries, Taniguchi allegedly incurred various medical, hospital, and rehabilitative expenses and was compelled to cancel contractual obligations, resulting in a loss of income.

Taniguchi subsequently filed a negligence action against Kan Pacific. Following discovery, both parties moved for summary judgment. The district court granted Kan Pacific's motion. The district court also awarded costs to Kan Pacific, including the costs of translating contracts and other documents from Japanese to English. Taniguchi filed a timely notice of appeal.

---

[1]Taniguchi's challenge to the entry of summary judgment in favor of Kan Pacific on the merits of the action, and other issues raised by Taniguchi on appeal are resolved in a separate memorandum disposition filed contemporaneously with this opinion.

## II.  STANDARD OF REVIEW

We review an award of costs for an abuse of discretion. *See Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001), *as amended*. Whether the district court has the authority to award costs is a question of law reviewed *de novo*. *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 702 (9th Cir. 2010).

## III.  DISCUSSION

### A.  Kan Pacific's Entitlement To Costs

**[1]** Taniguchi contends that the district court erred by awarding costs to Kan Pacific, because Kan Pacific's insurance company assumed responsibility for all costs incurred by Kan Pacific during the litigation. Taniguchi relies on *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 380 (1949), for the proposition that the case must be "prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). However, that case is not persuasive because it addressed a situation where the insurance company satisfied the insured's claim and then sued the tortfeasor as the insured's successor-in-interest. *See id.* at 368. A question was raised regarding whether the insurance company could bring the action in its own name rather than in the name of the insured. *See id.* The United States Supreme Court ruled that an insurer who "has paid an entire loss suffered by the insured, . . . is the only real party in interest . . ." *Id.* at 380-81 (citation omitted). There is no analogous situation in this case.

**[2]** Similarly, in *Hilbrands v. Far East Trading Company, Inc.*, 509 F.2d 1321, 1322-23 (9th Cir. 1975), we held that the case must be prosecuted in the name of the real party in interest. However, that case also involved a claim paid to the injured party by the insurance company and a question as to whether the case could be prosecuted by the insurance company who paid the benefits. *See id.* at 1322. The same analysis

does not apply to a defendant whose defense costs are paid by its insurer. Unlike an insured whose claim has been fully satisfied, the defendant who remains liable for any money damages awarded to the plaintiff is still very much an interested party. *See, e.g., Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639-40 (11th Cir. 1991) (permitting the recovery of costs paid by an insurer). If we were to adopt Taniguchi's suggested analysis, a plaintiff could file lawsuits against an insured defendant "without incurring litigation costs after losing on the merits." *Id.* at 639. In essence, Taniguchi's reasoning punishes a prevailing party for being insured and violates the provisions and intent of Rule 54(d) of the Federal Rules of Civil Procedure, which directs the award of costs to a prevailing party. Thus, we hold that Kan Pacific was entitled to seek an award of costs even though the cost of litigation was paid by its insurer.

## B.   The Award of Translation Costs

[3] Taniguchi contends that the district court erred in awarding costs for translation services used by Kan Pacific during the litigation. Taniguchi cites to 28 U.S.C. §§ 1827[2] and 1828[3] to support his argument. However, Taniguchi's reliance on 28 U.S.C. §§ 1827 and 1828 is unavailing because the district court judge awarded costs for translation fees pursuant to 28 U.S.C. § 1920(6).[4] Under § 1920(6), the district

---

[2] 28 U.S.C. § 1827(a) provides: The Director of the Administrative Office of the United States Courts shall establish a program to facilitate the use of certified and otherwise qualified interpreters in judicial proceedings instituted by the United States.

[3] 28 U.S.C. § 1828(a) provides: The Director of the Administrative Office of the United States Courts shall establish a program for the provision of special interpretation services in criminal actions and in civil actions initiated by the United States (including petitions for writs of habeas corpus initiated in the name of the United States by relators) in a United States district court. The program shall provide a capacity for simultaneous interpretation services in multidefendant criminal actions and multidefendant civil actions.

[4] 28 U.S.C. § 1920 provides: A judge or clerk of any court of the United States may tax as costs the following:

court has discretion to award fees for the compensation of interpreters in addition to the costs of "special interpretation services under section 1828 . . ." *Id.*

As recognized by the parties, there is a circuit split concerning the statutory interpretation of § 1920(6). The Seventh Circuit has determined that "interpretation" and "translation" have distinct meanings and has declined to award costs for translation services. *See Extra Equipamentos E Exportação Ltda. v. Case Corp.*, 541 F.3d 719, 727-28 (7th Cir. 2008). The Seventh Circuit described "[t]he specificity of section 1920(6), and the character of section 1920 as a whole" to explain its expressed reluctance to include translators of written documents within the definition of interpreters. *Id.* at 727. The Seventh Circuit relied on what it thought to be the common understanding of an "interpreter" as one who translates the spoken word rather than the written word. *See id.*

The Seventh Circuit acknowledged that the dictionary definition of "interpreter" could conceivably encompass "interpretation . . . of a document." *Id.* at 728. However, the court was of the view that including translation of written documents within the definition would stretch the language of § 1920 too far. *See id.* Having drawn that line, the Seventh Circuit denied the award of translation fees.

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)  Docket fees under *section 1923* of this title;

(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under *section 1828* of this title.

**[4]** In contrast, the Sixth Circuit reasoned that courts have the authority to "interpret the meaning of items listed in § 1920(6)," and thus, awarding costs for translation of documents necessary for litigation is appropriate. *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). The Sixth Circuit relied on a dictionary definition of interpret, which included "to translate into intelligible or familiar language." *Id.* (citation and internal quotation marks omitted). In essence, the Sixth Circuit concluded that "translation" services and "interpretation" services are interchangeable. *See also Quy v. Air America Inc.*, 667 F.2d 1059, 1065 (D.C. Cir. 1981) (holding that a cost award for translation of Vietnamese deposition testimony to English was "explicitly authorized by 28 U.S.C. § 1920(6)").

**[5]** We are persuaded by the Sixth Circuit's reasoning. District courts are free to interpret the meaning of the cast of categories listed within § 1920. *See Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177-78 (9th Cir. 1990). In § 1920(6), the word "interpreter" can reasonably encompass a "translator," both according to the dictionary definition and common usage of these terms, which does not always draw precise distinctions between foreign language interpretations involving live speech versus written documents. More importantly, the Sixth Circuit's analysis is more compatible with Rule 54 of the Federal Rules of Civil Procedure, which includes a decided preference for the award of costs to the prevailing party. *See* Fed. R. Civ. P. 54(d) (providing that absent a federal statute, rule or court order to the contrary, costs "should be allowed to the prevailing party"); *see also Quy*, 667 F.2d at 1065-66 (concluding that translation of deposition testimony was necessary). We therefore agree with the Sixth and D.C. Circuits that within the meaning of § 1920(6), the prevailing party should be awarded costs for services required to interpret either live speech or written documents into a familiar language, so long as interpretation of the items is necessary to the litigation.

**[6]** As Taniguchi alleged that his injuries caused him to lose compensation from his negotiated contract deals, it was necessary for Kan Pacific to have Taniguchi's documents and medical records translated to adequately prepare its defense. Because we conclude that § 1920(6) contemplates the award of costs for translation services, we hold that the district court acted within its discretion when it determined that translation services were necessary to render pertinent documents intelligible to the litigants. *See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (stating that district courts have discretion to determine what costs should be awarded).

## IV. CONCLUSION

The district court acted within its discretion when it awarded costs to Kan Pacific for expenses incurred to translate relevant documents.

**AFFIRMED**.