THOMAS, J.
In this appeal, we review the trial court’s order finding that Appellant was entitled to attorney’s fees as the prevailing party under a non-compete contract, but awarding him $0. The trial court based its decision on the fact that Appellant did not personally pay his attorney’s fees. Appellant contends this was error and he was entitled to attorney’s fees for two reasons: 1) pursuant to section 542.335(l)(k), Florida Statutes; and 2) pursuant to the terms of the non-compete agreement. We reject Appellant’s first argument because it was not preserved. For the reasons explained below, we agree with Appellant’s second point, and reverse.

Factual Background,

Appellee sued Appellant, alleging he accepted a job with a new employer, Ther-modyne, thereby breaching the Non-Solicitation and Non-Competition Agreement (“Agreement”). Ultimately, the lawsuit was involuntarily dismissed for lack of prosecution, and Appellant filed a renewed motion for fees based on the fee provision in the parties’ Agreement. A hearing ensued on the issue of entitlement, after which the court ruled that, pursuant to the Agreement, Appellant was entitled to fees and costs as the prevailing party. A subsequent hearing addressed the amount of fees and costs.
During that hearing, Appellant’s attorney acknowledged that, although he appeared as attorney of record on behalf of Appellant, he was retained by Thermo-dyne, to which he submitted his bills. There was no evidence presented regarding Appellant’s obligation, if any, for the fees and costs paid by the law firm Ther-modyne retained to defend him in the action.
The contractual provision at issue provided:
(c) In any action to enforce any term, condition, or provision of this agreement, the prevailing party shall be entitled to recover the reasonable attorney’s fee incurred to enforce same.
(Emphasis added.)
Under this provision, the trial court awarded Appellant $0 in attorney’s fees, effectively denying his entitlement to fees. The trial court found that “the evidence at the hearing revealed that [Appellant] had not paid his attorney any attorney’s fees, nor was he obligated to do so, and had paid no costs associated with this case either. Instead, [Appellant’s] new employer paid all of the attorney’s fees and costs on behalf of [Appellant].” The court explained that Florida courts have considered “similar contractual attorney’s fee provisions as agreements to indemnify the prevailing party that are strictly limited to the amount of fees actually paid or charged to the prevailing party.” Thus, the court reasoned, because Appellant did not “actually” pay or was not “actually” obligated to pay attorney’s fees, he did not “incur” such fees and was not entitled to payment under the contractual fee provision.
*1060 The court further opined that, had the agreement provided that the prevailing party was entitled to fees incurred “by or on behalf of’ the party, “or otherwise supply language reflecting an intent on the part of the parties to extend the prevailing party attorney’s fee provision to third parties who were not part of the agreement,” Appellant would have been entitled to payment of attorney’s fees. In what the court considered as further evidence that the parties did not intend for third parties to “benefit” from the Agreement’s fee provision, it pointed to the non-assignability clause in the Agreement, which provides, “The rights, duties, obligations, and privileges of the Employee shall not be assignable without the prior written consent of [Appellee] and shall not accrue to the benefit of the Employee’s heirs, executors, personal representatives and assigns.”
As discussed below, we disagree with the trial court’s conclusions.

Analysis

Because this matter involves questions of contract interpretation, our review is de novo. See Jenkins v. Eckerd, Corp., 913 So.2d 43, 49 (Fla. 1st DCA 2005) (“The trial court’s interpretation of a contract is a matter of law, subject to a de novo standard of review.”).
We begin with the attorney’s fee provision at issue. The trial court found that the Agreement lacks any language evincing an intent for the prevailing party to be entitled to fees when the prevailing party itself did not personally incur those fees; however, neither does the Agreement include any language limiting entitlement to such a situation. Rather, the clause provides that “the prevailing party shall be entitled to recover the reasonable attorney’s fee incurred to enforce ” “any term, condition, or provision” of the Agreement. The Agreement does not say the prevailing party is entitled to the attorney’s fees “it” incurred; it says entitlement is to “the” fees incurred as a result of prevailing in any enforcement action brought under the Agreement.
The clear intent of this provision is that the loser pays, and the winner does not. That a non-party may be the initial source of funds for prosecuting or defending an enforcement action is not disposi-tive. If the parties had intended to limit entitlement to situations in which the prevailing párty was the one who actually paid attorney’s fees and was seeking reimbursement, or incurred an obligation to pay such fees, the Agreement could have so provided. But it did not, and the trial court erroneously read such a limitation into the Agreement.
The trial court also relied on the Agreement’s non-assignability clause in support of its interpretation of the fee provision. This clause, the court opined, evinced an intention to keep third parties from “bene-fitting” from the attorney’s fee provision. Again, however, the only “benefit” attendant to the fee provision is that the loser pays and the winner does not, and it is irrelevant whether a third party is reimbursed for advancing attorney’s fees on the prevailing party’s behalf. Appellant did not seek to “assign” this benefit to anyone; he demanded it as his right under the Agreement.
To interpret this Agreement otherwise would result in an unwarranted windfall for the non-prevailing party, something the courts of this state greet with disapproval. See, e.g., Hough v. Huffman, 555 So.2d 942, 945 (Fla. 5th DCA 1990) (holding: “Failure to allow a cost award to a prevailing defendant who is insured, because of the fact of insurance coverage alone, gives the plaintiff, and/or the plaintiffs insurance carrier, an undeserved windfall.”); Hart v. City of Groveland, 919 So.2d 665, *1061 667 (Fla. 5th DCA 2006) (applying the Hough “windfall” rationale in a case in which various individuals contributed to the prevailing party’s attorney’s fees); Aspen v. Bayless, 564 So.2d 1081, 1083 (Fla. 1990) (quoting the Hough “windfall” language with approval).
Because Appellant was the prevailing party in an action instituted by Appellee to enforce the parties’ Non-Solicitation and Non-Competition Agreement, Appellant was entitled to the attorney’s fees incurred to defend against that action, regardless of whether his new employer paid for the legal services rendered on Appellant’s behalf.

Conclusion

We reverse the trial court’s award of $0 in attorney’s fees, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
BENTON, C.J., and SANTURRI, Associate Judge, concur.