THOMAS, Judge.
George Nick Autrey II sued Yon Memory in the Lee Circuit Court (“the trial court”) in October 2010. Autrey sought damages for alleged legal malpractice. The trial court entered a summary judgment in favor of Memory on July 23, 2013; Autrey appealed that judgment to the Alabama Supreme Court, which affirmed the summary judgment, without an opinion. Autrey v. Memory (No. 1121298, May 16, 2014), — So.3d - (Ala.2014) (table).
After the completion of the appellate proceedings arising from the summary judgment, Memory sought an award of $44,080.07 in costs in the trial court. He supported his motion seeking an award of costs with an affidavit from his attorney. Autrey objected to an award of costs to Memory, arguing that the costs were not reasonably necessary and that Memory was not entitled to an award of costs because his malpractice insurer, which had represented him at trial, had borne those costs. Autrey sought permission to depose Memory’s attorney regarding the costs for which Memory requested reimbursement; the trial court denied Autrey’s request, and it declined to reconsider its decision when Autrey requested permission to depose Memory’s counsel a second time. After considering briefs from both parties on the issue whether Memory was entitled to recover costs if those costs had been borne by his insurer, the trial court entered an order awarding $14,953.22 in costs to Memory. After his postjudgment motion was denied, Autrey timely appealed that order to the Alabama Supreme Court, which transferred the appeal to this court because, our supreme court concluded, the amount involved is within our jurisdiction. See Ala.Code 1975, § 12-3-10.[1]
On appeal, Autrey argues that the trial court’s award of costs to Memory should be reversed because, he contends, the award is a “windfall” to Memory because Memory’s insurer actually paid those costs.[2] Autrey cites no authority standing *1262 for the proposition that Memory, as a prevailing party defended by an insurer, is not entitled to an award of costs under Rule 54(d), Ala. R. Civ. P. Memory, on the other hand, presented in the trial court, and presents on appeal, authority indicating that the fact that his insurer paid the costs is irrelevant to the award of costs under Rule 54(d). Although Autrey is correct that Memory relies on authority from “other jurisdictions,” it is clear that Memory does so because no Alabama court has addressed the precise question raised in this appeal.
Rule 54(d) reads:
“Except when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, and this provision is applicable in all cases in which the state is a party plaintiff in civil actions as in cases of individual suitors. In all cases where costs are adjudged against any party who has given security for costs, execution may be ordered to issue against such security.”
Our supreme court explained in City of Birmingham v. City of Fairfield, 396 So.2d 692, 697 (Ala.1981), that “Rule 54(d) was meant as a retreat from the view that taxing of costs is entirely discretionary” and that a prevailing party is usually entitled to costs under the rule. Our supreme court also stated that “[w]e have said that since the Alabama Rules of Civil Procedure are modeled on the Federal Rules of Civil Procedure, federal decisions are highly persuasive when we are called upon to construe the Alabama Rules.” Fairfield, 396 So.2d at 696. Thus, as Memory has urged, we will consider the construction of Rule 54(d), Fed.R.Civ.P., by the United States Court of Appeals for the Eleventh Circuit to determine whether Memory is entitled to an award of costs despite the fact that his insurer paid those costs as part of its obligation to defend him.
In Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir.1991), the Eleventh Circuit Court of Appeals considered the same issue with which we find ourselves presented.[3]
“This court has not previously addressed whether a prevailing party to a lawsuit may recover costs paid by a person or entity not a party to the lawsuit. The Florida Supreme Court, however, recently addressed this issue in Aspen v. Bayless, 564 So.2d 1081 (Fla.1990).* In Aspen, the Florida Supreme Court held that a party was not precluded from recovering costs when someone other than the named party paid or advanced those costs. Aspen, 564 So.2d at 1083. The court reasoned that ‘it is unnecessary to inquire into the source of the funds used for the initial payment of costs in order to award taxable costs to the winning party.’ Aspen, at 1083.
*1263 “Florida Supreme Court decisions are not binding precedent on this court. Nonetheless, we find the Florida Supreme Court’s reasoning instructive and persuasive. We further agree with the ... argument [of the city, the prevailing party,] that had Manor prevailed in this case, [the city’s insurer] would be fully liable for Manor’s litigation costs and expenses under the insurance contract, and Manor would, after obtaining a judgment against the city, seek an amendment to that judgment obligating [the city’s insurer] to pay its litigation costs. See Tanker Management, Inc. v. Brunson, 918 F.2d 1524, 1529 (11th Cir.1990). Thus, [the city’s insurer] may be considered a party to the lawsuit for rule 54(d) purposes.
“To adopt Manor’s argument and prevent the city from regaining its costs would not only violate the presumption that a prevailing party is entitled to its costs under rule 54(d), but would also allow plaintiffs to bring lawsuits against insured defendants without incurring litigation costs after losing on the merits. Additionally, the city paid the premiums for [its] insurance coverage. Thus Man- or, as the nonprevailing party, should not benefit from the city’s insurance coverage. Accordingly, we hold that the district court did not abuse its discretion in awarding the city its costs.
[[Image here]]
“ *The Florida Supreme Court reaffirmed its holding in Aspen in Pine Island Lumber, Inc. v. Festa, 575 So.2d 204 (Fla.1991).”
Manor Healthcare, 929 F.2d at 639.[4] Thus, “[t]he presumption [that costs should be awarded to the prevailing party] applies even if the costs were actually paid by some third party, such as an insurer, and not by the prevailing litigant.” 10 James Wm. Moore, Moore’s Federal Practice ¶ 54.101[1][a] (3d ed.2012).
Autrey has not provided contrary authority. Instead, he merely complains that an award of costs to Memory is a “windfall,” a “bonus,” “found money,” or a “freebie.” However, the Supreme Court of Florida explained that refusing to award costs in a situation where a prevailing party is insured would result in a “windfall” to the nonprevailing party. Aspen v. Bayless, 564 So.2d 1081, 1082-83 (Fla.1990).[5]
*1264 “ ‘Failure to allow a cost award to a prevailing defendant who is insured, because of the fact of insurance coverage alone, gives the plaintiff, and/or the plaintiffs insurance carrier, an undeserved windfall. The defendant has paid premiums for such insurance coverage. Why should a nonprevailing plaintiff be afforded any fortuitous benefit from such circumstances?’ ”
Aspen, 564 So.2d at 1082-83 (quoting Hough v. Huffman, 555 So.2d 942, 944-45 (Fla.Dist.Ct.App.1990)).
Nothing in Rule 54(d) indicates that a prevailing party must have personally paid the costs incurred before an award of costs may be made. The United States Court of Appeals for the Eleventh Circuit has held that the fact that an insurer has paid the. costs does not preclude an award of costs to a prevailing party under the corresponding federal rule. We may rely on the construction of similarly worded corresponding federal rules of civil procedure in construing our rules of civil procedure, and Autrey has not provided a convincing reason for this court to reject the approach adopted by the United States Court of Appeals for the Eleventh Circuit. Accordingly, we affirm the trial court’s award of costs to Memory.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Section 12-3-10 reads, in pertinent part:
"The Court of Civil Appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000.... Where there is a recovery in the court below of any amount other than costs, the amount of such recovery shall be deemed to be the amount involved; otherwise, the amount claimed shall be deemed to be the amount involved....”

. Autrey also briefly complains that the trial court refused to allow him to depose Memory’s attorney. His argument regarding that alleged error is undeveloped, and he fails to cite any authority relevant to that issue; ac *1262 cordingly, we will not address that argument. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008). ("Rule 28(a)(10)[, Ala. R.App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.”). Autrey does not argue that the costs awarded were not reasonable or that Memory failed to prove that those costs were not actually incurred during the litigation.

. At the time Manor Healthcare was decided, Rule 54(d), Fed.R.Civ.P., read, in pertinent part: "Except when express provisions therefor is made either in a statute of the United States or in these rules, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs....” The rule has since been amended, and Rule 54(d)(1), Fed.R.Civ.P., now reads, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party.... ”

. The Ninth Circuit Court of Appeals has also concluded that the fact that an insurer assumes the costs of litigation for an insured party does not prevent an award of costs to that party under Rule 54(d), Fed.R.Civ.P. Taniguchi v. Kan Pacific Saipan, Ltd., 633 F.3d 1218, 1220 (9th Cir.2011), vacated on other grounds, - U.S. -, 132 S.Ct. 1997, 182 L.Ed.2d 903 (2012) ("If we were to adopt Taniguchi's suggested analysis, a plaintiff could file lawsuits against an insured defendant 'without incurring litigation costs after losing on the merits.' [Manor Healthcare, 929 F.2d] at 639. In essence, Taniguchi’s reasoning punishes a prevailing party for being insured and violates the provisions and intent of Rule 54(d) of the Federal Rules of Civil Procedure, which directs the award of costs to a prevailing party. Thus, we hold that Kan Pacific was entitled to seek an award of costs even though the cost of litigation was paid by its insurer.”).

. In his reply brief, Autrey notes that Aspen does not construe Rule 54(d) and instead concerns the application of a different Florida rule of civil procedure and Florida statutes— Rule 1.442, Fla. R. Civ. P., and §§ 45.061 and 768.79, Fla. Stat. (1987) — governing proposals for settlement or offers of judgment, which allow for an award of costs under certain circumstances if an offer is rejected. Aspen, 564 So.2d at 1083; cf. Rule 68, Ala. R. Civ. P. (governing offers of judgment and allowing for an award of costs incurred after the making of the offer if the judgment obtained is less favorable than the rejected offer). However, the United States Court of Appeals for the Eleventh Circuit applied the reasoning of Aspen to its application of Rule 54(d), Fed. R.Civ.P. We therefore do not find the fact that *1264 Aspen did not concern Rule 54(d) an impediment to adopting the reasoning of either Man- or Healthcare or Aspen.