# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1529
Lower Tribunal No. 17-26857
_____

**Avra Jain,**
Appellant,

vs.

**Buchanan Ingersoll & Rooney PC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Boies Schiller Flexner LLP, and Bruce A. Weil, Steven W. Davis, and Marshall Dore Louis, for appellant.

White & Case LLP, and Raoul G. Cantero, James N. Robinson, Zachary B. Dickens, and W. Dylan Fay, for appellees.

Before EMAS, MILLER and GORDO, JJ.

EMAS, J.

## INTRODUCTION

Avra Jain appeals from a final judgment awarding attorney's fees in favor of attorney Richard Morgan, based upon Morgan's offer of judgment. For the reasons that follow, we affirm.

## BACKGROUND

Jain filed a legal malpractice suit against her former attorney, Richard Morgan, and Morgan's law firm, Buchanan Ingersoll & Rooney, PC ("the Firm"). The only claim alleged against the Firm was for respondeat superior/vicarious liability. Both Morgan and the Firm were represented by the law firm of White & Case LLP.

During the pendency of the litigation, Morgan served an offer of judgment to Jain pursuant to section 768.79, Florida Statutes (2018). The Firm did not join in the offer of judgment or serve its own offer. At the conclusion of the litigation, the trial court entered final judgment in favor of Morgan and the Firm.

Morgan moved for an award of attorney's fees on the basis of his offer of judgment. Jain contended that Morgan was not entitled to fees under section 768.79 because Morgan himself did not incur any fees, given the fact that the Firm was contractually obligated to indemnify, and did indemnify,

Morgan. Jain requested, alternatively, that the court trial apportion the fees between Morgan and the Firm.

Following a hearing, the trial court determined that Morgan was entitled to his fees because section 768.79 permits recovery of fees "incurred on the defendant's behalf," and thus the analysis was unaffected by the fact that Morgan may not himself have been contractually obligated to pay his attorney for legal services. Finally, the court found that apportionment was not appropriate in this case because the fees incurred in defending both Morgan and the Firm were the same.

The trial court entered a final judgment awarding fees to Morgan, and this appeal followed.

## STANDARD OF REVIEW

While the trial court's award of attorney's fees is generally reviewed for an abuse of discretion, the trial court's construction or interpretation of a statute in determining entitlement to fees is a pure question of law, which we review de novo. Burton Family P'ship v. Luani Plaza, Inc., 276 So. 3d 920 (Fla. 3d DCA 2019).

## ANALYSIS

The argument advanced by Jain, both below and here on appeal, is that because Morgan himself never incurred any attorney's fees, and none

3

were incurred on his behalf, he is not entitled to recover fees under section 768.79. While we agree with Jain that Morgan himself did not incur attorney's fees, we disagree with Jain's contention that attorney's fees were not incurred on his behalf.

We begin with the relevant statute. Section 768.79(1) provides, in pertinent part:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred **by her or him or on the defendant's behalf** pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

(Emphasis added).

It is undisputed that: Morgan made an offer of judgment to Jain; the offer was never accepted by Jain; and the judgment was one of no liability. The only question is whether, pursuant to the above provision, the costs and attorney's fees were "incurred . . . on the defendant's behalf" under a policy of liability insurance or other contract.

The record establishes that, although Morgan himself may not have been obligated to pay any attorney's fees or costs, such fees and costs were incurred on his behalf by the Firm, pursuant to a contract.

4

For example, the retainer agreement between White & Case and Morgan provided that, although White & Case is engaged to represent both Morgan and the Firm, Morgan "will not be obligated to pay [White & Case's] fees and costs" because White & Case "executed a similar retainer agreement with the Firm, and both the Firm and Morgan executed a letter agreement indicating their understanding that [White & Case] would represent them both and that the Firm "has agreed to pay [White & Case's] fees and disbursements relating to the Joint Representation and agrees to accept full responsibility for such fees and disbursements as allocated in [White & Case's] monthly bills." In addition, the Firm's by-laws demonstrated that the Firm was obligated to indemnify Morgan and pay for attorney's fees and costs incurred by Morgan as a result of the lawsuit by Jain.[1]

---

[1] The relevant by-law provided:

(a)  The Corporation shall indemnify to the full extent not prohibited by law . . . any person made, or threatened to be made, a party to or otherwise involved in (as a witness or otherwise) an action, suit or proceeding . . . by reason of the fact that he or she is or was a director or officer or shareholder or attorney employee . . . against all expenses and liability actually incurred, including, without limitation, judgments, amounts paid or to be paid in settlement of actions and costs of defense . . . .

(b)  Expenses incurred by such a person in defending any such action, suit or proceeding . . . shall be paid by the Corporation in advance of the final disposition of such

5

Thus, the fact that the Firm was contractually obligated to indemnify Morgan and to pay for the legal services provided by White & Case on behalf of Morgan means that those expenses were incurred by the Firm "on behalf of Morgan" as required under section 768.79(1). The analysis here is unaffected by the fact that White & Case also provided legal services in defending the Firm as a defendant in the lawsuit.

Jain suggests that White & Case was primarily representing the Firm, and that the defense of Morgan was merely secondary, incidental to, and subsumed by, the defense of the Firm. Indeed, Jain's expert witness opined that "there was virtually no additional work required in order to represent Mr. Morgan individually." However, and as the trial court noted, the reverse of that statement would be true as well, that "there was virtually no additional work required in order to represent the Firm vicariously." In other words, if the Firm had not been named as a defendant, White & Case would have performed precisely the same legal work it provided with both Morgan and the Firm as named defendants. It is undisputed that the Firm was sued under a theory of respondeat superior, by which the Firm's potential liability in the action was vicarious, based upon the alleged acts and conduct of Morgan,

action, suit or proceeding upon receipt of an undertaking
by or on behalf of such person . . . .

6

its attorney-employee. Without a finding of liability against Morgan, no liability could be imposed upon the Firm. As the final judgment indicated, "regardless of whether either Defendant was 'primary' or 'secondary,' all of the claims were exactly the same, the theories of liability were the same, the damages sought against both Defendants were the same, and the evidence was the same. There is no work in this case attributable [to the Firm] and not Morgan, or attributable to Morgan and not [the Firm]."

In Key West Seaside, LLC v. Certified Lower Keys Plumbing, Inc., 208 So. 3d 718 (Fla. 3d DCA 2015), this court considered a trial court order denying Key West Seaside's ("Seaside") motion for attorney's fees and costs under the offer of judgment statute. Seaside, the owner of a condominium project, was sued by a subcontractor and was represented by the same law firm representing several other related defendants, including the general contractor. Ultimately, judgment was entered in favor of Seaside because Seaside had paid what it owed to the general contractor. When Seaside moved for attorney's fees and costs pursuant to its offer of judgment, the trial court denied the motion, in part because the attorney's fees had been billed to and paid by the general contractor, pursuant to an indemnification agreement between Seaside and the general contractor. This court reversed, holding: "The fact that another party or a nonparty may have paid

7

the offeror's attorney's fees is of no consequence to the question of whether the offeror is entitled to fees and costs pursuant to the offer of judgment statute or rule." Id. at 721. See also Aspen v. Bayless, 564 So. 2d 1081 (Fla. 1990) (holding that a party may recover costs when the funds used to pay the costs were furnished by a third person without any obligation of repayment); Balseca v. Callies Elec., Inc., 566 So. 2d 322 (Fla. 3d DCA 1990) (same).

## CONCLUSION

Because the attorney's fees and costs were "incurred. . . on the defendant's behalf," the trial court properly found entitlement and awarded attorney's fees in favor of Morgan in light of his status as prevailing party under the offer of judgment.

Affirmed.